LOUIS N. MIDDLEBROOK, Respondent, *v.* THE MERCHANTS' BANK OF NEW YORK, Appellant.

The assignee of stock in a domestic corporation may require an entry of the transfer on its books, though his title be derived through a foreign executor or administrator.

APPEAL from the affirmance in the first judicial district, of a judgment of the Supreme Court, directing the defendant to permit a transfer on its books to the plaintiff, of fifty shares of stock standing in the name of his deceased father.

Robert Middlebrook died at his residence in Trumbull, Connecticut, on the 15th of May, 1861. He owned a hundred shares of stock in the Merchants' Bank. He bequeathed to the plaintiff $16,000, to be selected by him from stocks belonging to the estate. The will was admitted to probate in Connecticut, and the executors drew the dividends on the stock in the Merchants' Bank, until the plaintiff made his selection, taking fifty shares of this, among other stocks, in satisfaction of the bequest. The executors accordingly executed, in Connecticut, where the parties resided, an assignment of the fifty shares to the plaintiff, authorizing an attorney to make the transfer on the books of the bank. The defendant, with notice of these facts, refused to permit the transfer on its books, upon the surrender of the certificate, claiming that letters testamentary must first be taken out in this State. The articles of association of the defendant provide that every transfer, to be valid, shall be made on the books of the association, and shall be signed by the shareholder, his attorney or legal representative. The transfer books were kept by the defendant at its place of business in the city of New York. There were no creditors of the testator residing in this State. The case is reported in 41 Barb., 481, and 27 How., 474.

*B. W. Bonney,* for the appellant.

*Wm. Tracy* and *Cephas Brainerd,* for the respondent.

PORTER, J. By the law of the testator's domicile, his executors succeeded to the ownership of his personal property. Under an authority derived from him, and in the exercise of the *jus disponendi*, inherent in them as successors to his title, they transferred the stock to the plaintiff. He produced to the bank the appropriate evidence of his interest, and requested permission to enter the transfer in its books on the surrender of the original certificate. His right as owner was perfect, and his demand was wrongfully refused. There was no occasion for taking out letters testamentary here, for the purpose either of passing the title to the stock, or of satisfying the scruples of the defendant. The provision in the articles of association that every transfer should be signed by the shareholder, his attorney or legal representative, was not designed to interfere with the ordinary rules of succession applicable to personal property. (*Doolittle* v. *Lewis*, 7 Johns. Ch., 47; *Parsons* v. *Lyman*, 20 N. Y., 117.) The cause was properly disposed of in the court below, and the decision, as there reported, was cited and approved by this court in the case of *Peterson* v. *The Chemical Bank*. (32 N. Y., 21.)

The judgment should be affirmed.

All the judges concurring,

Judgment affirmed.