JACOB HIRSHFELD, Suing on His Own Behalf and on Behalf of All Creditors of THE MADISON SQUARE BANK, Appellant, *v.* ADOLPH S. KALISCHER, ADDISON CAMMACK and WILLIAM H. TILLINGHAST, · Respondents, Impleaded with JOHN BOPP and Others.

*Action against a receiver, without leave — the court has jurisdiction of it — remedy of the receiver — leave granted nunc pro tunc.*

The commencement of an action against a receiver without leave does not affect the jurisdiction of the court; when an action has been so commenced the court acquires jurisdiction of the receiver by the service of the summons upon him, and the remedy of the receiver is either to apply for a stay of proceedings upon the part of the plaintiff or his punishment for contempt of court, or both, and upon an application therefor, if the court believes that the case is a proper one for granting leave, permission to make the receiver a party defendant will be granted *nunc pro tunc.*

APPEAL by the plaintiff, Jacob Hirshfeld, suing on his own behalf and on behalf of all other creditors of the Madison Square Bank, from an interlocutory judgment of the Supreme Court in favor of the defendants, Adolph S. Kalischer, Addison Cammack and William H. Tillinghast, entered in the office of the clerk of the county of New York on the 6th day of August, 1894, upon the

decision of the court, rendered after a trial at the New York Special Term, sustaining the said defendants' demurrers to the plaintiff's complaint.

*Louis Marshall*, for the appellant.

*Hoffman Miller*, for the respondents.

O'BRIEN, J.:

In addition to the grounds assigned and discussed in the case of *Hirshfeld* v. *Kursheedt* (decided herewith),[*] another question is here presented. It is insisted that there is a defect of parties defendant, based upon the theory that the complaint fails to show that the plaintiff has obtained leave to make the receivers parties defendant. As matter of fact the receivers are defendants, and the objection is directed to the failure to allege that leave was obtained to make them such defendants.

While it would have been better to have secured permission, and to have alleged it, we think that the appellant is right in his contention that it has never been held in this State that the commencement of an action against a receiver without leave presents a jurisdictional question, the courts never going beyond the proposition that when an action has been commenced against a receiver without leave the court acquires jurisdiction of the receiver by service of the summons, and the remedy applied is either a stay of proceedings upon the part of the plaintiff, or to punish him for contempt of court, or both, and upon such application, if the court believes that the case is a proper one for granting leave, such permission will be granted *nunc pro tunc*. To avoid this objection we think the plaintiff should be permitted to apply for leave if he avails himself of the permission granted to amend.

Apart from this, however, upon the grounds and for the reasons stated in the *Kursheedt* case, the judgment appealed from should be affirmed, with costs and disbursements, with leave to plaintiff, on payment of the same, to plead over.

VAN BRUNT, P. J., and PARKER, J., concurred.

Judgment affirmed, with costs, with leave to plaintiff, on payment of the same, to plead over.

---

[*] See *ante*, page 555.