JOHN S. MABON, as Receiver of THE ONGLEY ELECTRIC COMPANY, Respondent, *v.* THE ONGLEY ELECTRIC COMPANY, Appellant.

FOREIGN RECEIVER — ACTION BY, FOR APPOINTMENT OF ANCILLARY RECEIVER, NOT AUTHORIZED. A receiver of an insolvent corporation of another state, resident therein and appointed by the court of that state having full jurisdiction, in a suit for the winding up of the affairs of the corporation, with power, so far as could be conferred by such appointment, to demand, sue for, collect, receive and take into his possession all the property, effects and choses in action of the corporation, cannot maintain an action in this state against the corporation as sole defendant for the sole purpose of procuring the appointment in this state of an ancillary receiver, on the fact that the corporation has property within this state that requires administration.

*Mabon* v. *Ongley Electric Co.,* 24 App. Div. 41, reversed.

(Argued April 18, 1898; decided June 7, 1898.)

APPEAL, by certification, from a judgment of the Appellate Division of the Supreme Court in the first judicial depart-

ment, entered February 17, 1898, reversing an interlocutory judgment which sustained a demurrer to the complaint.

The nature of the action, the facts, so far as material, and the question certified are stated in the opinion.

*Rufus W. Peckham, Jr.*, for appellant.    A receiver of a foreign corporation appointed by the courts of another state cannot sue the corporation of which he is receiver in the courts of this state. (*Hoyt* v. *Thompson*, 5 N. Y. 320; *Willitts* v. *Waite*, 25 N. Y. 577; *Petersen* v. *Chemical Bank*, 32 N. Y. 43; *Toronto G. T. Co.* v. *C., B. & Q. R. R. Co.*, 123 N. Y. 47; *L. Bank* v. *Thorp*, 6 Cow. 46; *Barth* v. *Backus*, 140 N. Y. 230; *Runk* v. *St. John*, 29 Barb. 585; *Pugh* v. *Hurtt*, 52 How. Pr. 22; *Matter of Waite*, 99 N. Y. 433; Gluck & Becker on Receivers, etc., 223, § 52; *Boswell* v. *Supreme S. O. I. H.*, 36 N. E. Rep. 1065; 161 Mass. 224; *Hubbard* v. *Bank*, 7 Metc. 340; *Taylor* v. *Ins. Co.*, 14 Allen, 353; *Folger* v. *Ins. Co.*, 99 Mass. 267; *Verplanck* v. *M. Ins. Co.*, 2 Paige, 438; *Attorney-General* v. *G. M. L. Ins. Co.*, 77 N. Y. 272; L. of New Jersey, 1896, ch. 185; *Wilkinson* v. *Rutherford*, 30 Vr. 241; *Witlink* v. *Morris Canal Co.*, 3 Gr. [N. J.] Ch. 400; *Corrigan* v. *T. D. F. Co.*, 5 Halst. [N. J.] Ch. 496; *Freeholders* v. *State Bank*, 2 Stew. 268; *Nat. Trust Co.* v. *Miller*, 6 Stew. 160; *Rec. State Bank* v. *First Nat. Bank*, 7 Stew. 456; *Minchin* v. *Second Nat. Bank*, 9 Stew. 436; *Kirkpatrick* v. *Corning*, 10 Stew. 54, 59.)    The appointment of a receiver of a corporation is expressly prohibited by statute except in specified cases, of which the case at bar is not one. (*Decker* v. *Gardner*, 124 N. Y. 334; *Slee* v. *Bloom*, 5 Johns. Ch. 366–381; *Attorney-General* v. *Utica Ins. Co.*, 2 Johns. Ch. 389; *Bangs* v. *McIntosh*, 23 Barb. 591; *Howe* v. *Deuel*, 43 Barb. 504; *Waterbury* v. *M. U. Ex. Co.*, 50 Barb. 157; *Belmont* v. *Erie R. Co.*, 52 Barb. 637; *Hallenbeck* v. *Donnell*, 94 N. Y. 342; *Keeney* v. *Home Ins. Co.*, 71 N. Y. 396; *U. S. Trust Co.* v. *N. Y., W. S. & B. R. Co.*, 101 N. Y. 478; Code Civ. Pro. § 1810; *Burgoyne* v. *E. & W. R. R. Co.*, 13 N. Y.

Supp. 537; *Hamilton* v. *Accessory T. Co.*, 26 Barb. 46; Code Civ. Pro. § 2463; *Lehigh Coal & N. Co.* v. *Central R. R. of N. J.*, 43 Hun, 546.) A foreign receiver has no standing in our courts to maintain an action of this character. (Code Civ. Pro. § 1780; Beach on Receivers, §§ 2, 7.)

*Theodore L. Frothingham* for respondent. It is now well settled in this state that foreign receivers and assignees, taking their property by virtue of foreign laws or local proceedings in foreign courts, may come here and maintain suits in our courts when they do not come in conflict with the rights or interests of domestic creditors. (*Toronto G. T. Co.* v. *C., B. & Q. R. R. Co.*, 123 N. Y. 37, 47; *Petersen* v. *Chemical Bank*, 32 N. Y. 21, 43; *Matter of Waite*, 99 N. Y. 433, 448.) The cause of action is local and the action is properly brought. (Code Civ. Pro. § 1780, subd. 3.) Administration of the property of a foreign corporation by means of an ancillary receiver is a well-recognized mode of relief. (Alderson's Beach on Recrs. §§ 3, 28a; *Woerishoeffer* v. *North River C. Co.*, 6 Civ. Pro. Rep. 113; *Redmond* v. *Hoge*, 3 Hun, 171; *Walter* v. *McAlister Co.*, 21 Misc. Rep. 747; *National Trust Co.* v. *Miller*, 33 N. J. Eq. 155; *Platt* v. *P. & R. R. Co.*, 54 Fed. Rep. 569.) The action is not primarily for the appointment of a receiver, but to secure the due administration of the property of the defendant within this state. Under the peculiar circumstances which here exist, however, the intermediate appointment of an ancillary receiver is the only means whereby the result sought can properly be attained, and such appointment is, therefore, prayed for in the complaint. (Alderson's Beach on Recrs. §§ 131, 433; Gluck & Becker on Recrs. § 2.) The objection that the receiver cannot sue the corporation whose property is placed in his charge, because of his alleged identity with that corporation, is not a valid one. (Gluck & Becker on Recrs. § 42; *Attorney-General* v. *Guardian M. L. Ins. Co.*, 77 N. Y. 272, 275.) The action is properly brought. (*Buswell* v. *Order of I. H.*, 36 N. E. Rep. 1065; *Williams* v. *Hintermeister*, 26 Fed. Rep. 889; *Redmond* v. *Hoge*, 3 Hun, 171.)

VANN, J.   According to the allegations of the complaint,
the defendant was incorporated under the laws of the state of
New Jersey, where it had a factory and an office, but its prin-
cipal office was in the city of New York and its principal
business, other than manufacturing, was transacted within the
state of New York.   On the 8th of January, 1895, the plain-
tiff was appointed receiver of the defendant, as an insolvent
corporation, by the decree of a court of competent jurisdiction
in the state of New Jersey, " with full power to demand, sue
for, collect and receive and take into his possession all the
property, effects and choses in action of said defendant, and
enjoining and restraining the officers and agents of the said
defendant from thereafter dealing or interfering with the
same."   After duly qualifying, the plaintiff took possession of
all the property and assets of the defendant in the state of
New Jersey, but he has not been able to obtain certain of its
books and papers which are in the possession of its directors
in this state, although he does not allege what, if any, efforts
he has made in order to obtain them.   Among the assets in
this state are several promissory notes, amounting to $37,500,
covered by an attachment issued against the property of the
defendant in an action in the Supreme Court, wherein judg-
ment has lately been recovered for the sum of $13,773.39,
upon which execution is liable to be issued; but, as it is
alleged, if said notes should be collected in full, " there will
be a surplus therefrom after the satisfaction of said judgment,
which will belong to the defendant herein."   The plaintiff
states that, as he is advised and believes, " it will be imprac-
ticable for him properly to perform his duties as receiver, and
to ascertain, collect and take possession of the property of the
defendant unless a receiver shall be appointed within the state
of New York in aid of the plaintiff, to collect and receive the
property and assets of the defendant within the state of New
York, and to hold the same until the rights thereto of all the
parties in suit shall be determined,   *   *   *   and the dispo-
sition thereof directed by order or judgment of" the court.

These are substantially all the facts alleged in the complaint,

and the demand for judgment is that the defendant turn over to the plaintiff all its property and assets; that pending the determination of the action a receiver be appointed with the usual powers, and that the customary restraining order be issued against the defendant, its officers, agents and servants.

To this complaint the defendant demurred upon the grounds : 1. That the court has no jurisdiction of the person of the defendant. 2. That the court has no jurisdiction of the subject of the action. 3. That the complaint does not state facts sufficient to constitute a cause of action. The demurrer was sustained by the Special Term, but was overruled, upon a divided vote, by the Appellate Division, which allowed an appeal to this court and certified the following question of law for decision :

" Can a receiver of an insolvent New Jersey corporation, appointed by the court of that state and resident therein, having full jurisdiction in a suit for the winding up of the affairs of said corporation, with power, so far as could be conferred by such appointment, to demand, sue for, collect, receive and take into his possession all the property, effects and choses in action of said corporation, maintain an action in the Supreme Court of this state against said corporation as sole defendant for the purpose of procuring the appointment in this state of an ancillary receiver ? "

This question, when read in connection with the complaint, means, can such an action be maintained against the corporation, as sole defendant, for the *sole* purpose of procuring an ancillary receiver. The question involves the sufficiency of the complaint, but unless that pleading shows some useful purpose to be attained by the exercise of jurisdiction, it is obvious that the court should not entertain jurisdiction. Although the plaintiff alleges that he is advised and believes that he cannot perform his duties as receiver without the aid of an ancillary receiver, he confines himself to the mere assertion of necessity without alleging any fact to support it. He points to nothing that an ancillary receiver could do that he cannot do himself. So far as appears, he has all the power

that his auxiliary would have, if appointed.  While the laws of a foreign state have no force, as such, in this state, still our courts uphold the title of a foreign assignee or receiver upon the principle of comity.  If the title is by virtue of a voluntary conveyance or transfer, it is sustained as against all, including even domestic creditors, but if it depends on a foreign statute or judgment, it is sustained against all except domestic creditors.  Subject to their superior rights, the plaintiff can reduce to possession all the property of the defendant in this state, and can bring replevin for that purpose, or trover to recover damages for conversion.  Notes and accounts may be collected by the usual proceedings in our courts, which regard a foreign receiver as representing the original owner, and open their doors to him as they do to a domestic receiver. (*Barth* v. *Backus*, 140 N. Y. 230 ; *Vanderpoel* v. *Gorman*, Id. 563 ; *Toronto Gen. Trust Co., as Trustee,* v. *C., B. & Q. R. R. Co.*, 123 N. Y. 37 ; *In re Waite*, 99 N. Y. 433 ; *Ockerman* v. *Cross*, 54 N. Y. 29 ; *Petersen* v. *Chem. Bank*, 32 N. Y. 21 ; *Willitts* v. *Waite*, 25 N. Y. 577 ; *Hoyt* v. *Thompson's Executor*, 19 N. Y. 207 ; *Hoyt* v. *Thompson*, 5 N. Y. 320 ; *President, etc.,* v. *Thorp*, 6 Cow. 47 ; *Runk* v. *St. John*, 29 Barb. 585 ; *Pugh* v. *Hurtt*, 52 How. Pr. 22 ; *Middlebrook* v. *Mer. Bank*, 3 Keyes, 135 ; *Smith* v. *Tiffany*, 16 Hun, 552 ; Story Conflict of Laws, § 413 ; Gluck and Becker on Receivers, § 52.)  Every remedy to gather in the assets is afforded, unless it would interfere with the policy of the state or impair the rights of its own citizens.  A state that does not discriminate between its own citizens and those of a foreign state discharges all the obligations required by the rule of courtesy. We are now asked to sustain an action which a domestic receiver could not bring here, and a foreign receiver could not bring in his own state.  If the plaintiff should succeed, he would have called into being a receiver whose rights would supplant his own in this state with no compensating advantage, but with the disadvantage of reducing the fund going to creditors and stockholders owing to the extra expense of an additional receiver.  Why should one receiver ask to have

26

another receiver appointed for the same property with the same right of possession, the same right to sue and the like?

This action is against the corporation itself, as sole defendant, and hence no relief can be granted against third persons, such as the directors or others who may be in possession of its books or assets. The plaintiff does not ask for a receiver of specific property involved in a controversy between himself and some one else, but, as receiver, he asks for a receiver of his own corporation, as substantially the only relief that he desires. He bases his right to this relief on the simple fact that the defendant has property within this state that requires administration. As we read the question certified, he seeks to maintain the action merely for the appointment of a receiver, not as an aid to other relief, but as an independent right. As he stands for the corporation he is really suing himself, and is virtually the sole party to both sides of the controversy. He alleges no act of omission or commission on the part of the defendant, no neglect or breach of duty, and nothing to constitute a cause of action. If any cause of action is set forth it is not against the corporation, but against its directors, who are alleged to have possession of its books and papers. A cause of action against third persons, not parties, would not protect the complaint against a demurrer by the defendant. Indeed, the learned counsel for the plaintiff states in his points that the allegation relating to the directors " was inserted with reference to the use of the complaint as an affidavit in applying for a receiver, and, so far as it concerns the relief prayed for, is wholly in the nature of surplusage."

Courts do not appoint receivers merely for the asking, but only on facts, alleged and proved, showing that one is necessary for the preservation of property, or to accomplish some other useful object. A temporary receiver is frequently appointed before judgment, and as incidental to the ultimate relief sought, in order to preserve the property so that it can be distributed pursuant to the final judgment when rendered. A permanent receiver is frequently appointed by the final judgment in order to enforce it, but an action by a for-

eign receiver for the sole purpose of securing an ancillary
receiver is not authorized in this state.  A receiver is some-
times appointed in an action brought by a stockholder of a
foreign corporation, with its affairs in process of liquidation,
upon proof of special facts showing that funds in this state
are in jeopardy owing to the insolvency of the custodian (*Red-
mond* v. *Hoge*, 3 Hun, 171); or upon the allegation of facts
showing danger of loss, but in such cases the stockholders
were powerless without a receiver.  (*Woerishoffer* v. *N.
River Const. Co.*, 6 Civ. Pro. Rep. 113; *Phœnix Foundry
& Machine Co.* v. *Same*, Id. 106.)  The jurisdiction, however,
is extraordinary and is exercised only when necessary to "pro-
tect some clear right of a suitor which would otherwise be lost
or greatly injured and which could not be saved or protected
by any other action or mode of proceeding."  (Gluck & Becker
on Receivers, § 22.)  We have no stockholder or creditor before
us as a party.  A foreign receiver, without alleging any spe-
cific facts, showing that it would benefit him or those whom
he represents, asks for an ancillary receiver, not as incidental
to final relief but as the sole relief.  We think this is opposed
to the theory and law of receiverships.

We are also of the opinion that it is opposed to the policy
of the state with reference to insolvent corporations, both
domestic and foreign.  Our statutes provide a complete sys-
tem for the regulation of actions and remedies relating to cor-
porations.  Title second of chapter 15 of the Code of Civil
Procedure is devoted to this object.  (§§ 1775–1813.)  Pro-
vision is made by article first for actions by and against cor-
porations, whether foreign or domestic; by article second, for
the judicial supervision of corporations and of the officers and
members thereof; by article third, for the dissolution of cor-
porations and the enforcement of the individual liability of
officers and members; by article fourth, for the annulment of
corporations, and article fifth contains miscellaneous provisions
relating to injunctions, receivers and the like.  Section 713,
providing for a receiver as a provisional remedy has no appli-
cation to the subject before us.  Under articles second, third

and fourth the actions must be brought by the attorney-general or by a stockholder, creditor or officer of the corporation. By section 1810, in article fifth, it is provided that a receiver can be appointed only in an action brought as prescribed in the second, third or fourth articles, or for a foreclosure of a mortgage in certain cases, or in an action brought by the attorney-general, or by a stockholder to preserve the assets of a corporation, or in a special proceeding for voluntary dissolution. By a subsequent section this is applied to an action or special proceeding against a corporation created by or under the laws of this state or against a corporation created by or under the laws of any other state where it does business in this state. (§ 1812.) Thus, the legislature has established the policy of the state with reference to the appointment, at least of permanent receivers, by surrounding the subject with such safeguards as it deemed necessary for the protection of its citizens. It has restricted the right to have receivers appointed, chiefly, to actions brought by the attorney-general, or by his permission, although in certain cases stockholders, creditors and officers of a corporation may initiate the proceeding. No authority is given to the receiver of a foreign corporation, appointed by a court of another state, to bring an action for the appointment of a receiver in this state, and the comity of states does not warrant an action here that could not be brought there, or one by a foreign receiver that could not be brought by a domestic receiver. As we have already seen, articles second, third and fourth have no application, and the only part of article fifth that applies is subdivision three of section 1810, relating to an action brought to preserve the assets of a corporation. Such an action resembles the one now before us more nearly than any other described in the statute, and yet, in order to justify the appointment of a receiver, it must be brought by the attorney-general or by a stockholder, and if by the latter, a receiver can be appointed only on notice to that officer. (L. 1883, ch. 378, § 8.) Even if these provisions relate only to final receivers, an ancillary receiver is a final receiver as to the property of a foreign corporation in this state, and hence,

fairly comes within the spirit of the statute. Thus, we see that the policy of the state, as declared by the legislature, does not permit the prosecution of an action by a foreign receiver for the relief demanded in the complaint.

We think that the judgment of the Appellate Division should be reversed, with costs, and that the question certified should be answered in the negative.

All concur, except GRAY, J., not voting.

Judgment reversed, etc.