(39 App. Div. 232.)

### LE FEVRE v. MATTHEWS et al.

(Supreme Court, Appellate Division, Fourth Department. March 22, 1899.)

1. FOREIGN RECEIVERS—JURISDICTION OF STATE COURTS.

A citizen of New York may sue a receiver, appointed by the courts of a foreign state, in the courts of this state, on a cause of action arising in New York, where the receiver is also a citizen of New York, and the suit does not attempt to control the receiver's official acts, or to interfere with the trust property.

2. SAME—SUIT WITHOUT LEAVE OF COURT.

Failure to obtain leave of court before suing a receiver does not deprive the court of jurisdiction; nor is it an irregularity requiring the service to be set aside.

Appeal from special term, Erie county.

Action by Frances B. Le Fevre against N. E. Matthews and another, as receivers of the Ohio Southern Railroad Company. From an order refusing to set aside the service of the summons herein on defendant Graf, he appeals. Affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, McLENNAN, and SPRING, JJ.

Ansley Wilcox, for appellant.

Frank Rumsey, for respondent.

ADAMS, J. This appeal involves the right of a resident plaintiff to maintain an action in the courts of this state against receivers of a railroad company appointed in another state; the contention of the appellant being that our state courts have no jurisdiction to entertain such an action, and that, even if they have, they should decline to do so, upon the grounds of comity. It is quite obvious, therefore, that the question which the case presents for our consideration, although apparently a simple one, is nevertheless one of sufficient importance to require careful consideration at our hands; and to that end it will be expedient, at the outset, to refer briefly to some of the leading facts contained in the record before us, many, if not all, of which are virtually uncontroverted: The Ohio Southern Railroad Company is a foreign corporation, which came into existence under the laws of the state of Ohio; and the defendants are the receivers thereof, having been appointed to that office by the court of common pleas of Allen county, in that state. Prior to the

appointment of such receivers, the railroad company had borrowed from one Mills W. Barse a sum of money exceeding $100,000 in amount, and, as security therefor, had pledged to him certain of its corporate bonds. This loan was made, and the bonds were delivered, in the city of New York, at which place the company then had an office for the transaction of its business. The defendants, after their appointment as receivers, had occasion to use these bonds; and, in order to obtain them, they entered into an arrangement with Barse whereby, in consideration of the bonds being delivered to them, they agreed to pay an indebtedness owing by Barse to the Hamilton Trust Company of Brooklyn, N. Y., and also to pay the difference between such indebtedness and the amount due Barse from the railroad company to this plaintiff, to whom Barse had assigned the same. This agreement was also made at the city of New York, where it was subsequently so far consummated that the defendants received the bonds, and paid the indebtedness of Barse to the trust company, but the balance due this plaintiff as the assignee of Barse, amounting to the sum of $11,334.68, has never been paid; and in March, 1898, the plaintiff's attorney was informed by the defendants that their affairs were in such shape that they preferred to have the plaintiff bring an action, and establish her claim in court. The invitation thus extended was at once accepted, by the bringing of this action in the supreme court of this state; and the summons therein was served upon the defendant Graf, who was at the time of such service a resident of this state, as was also the plaintiff. In view of these facts, it is reasonable to assume that it will not be seriously contended that the plaintiff's cause of action did not arise within this state; and it only remains, therefore, to determine whether she has selected the proper forum in which to enforce the same.

It is now a rule of almost universal recognition that a receiver or other trustee appointed in one state will be permitted, upon principles of comity, to bring an action in the courts of a sister state for the protection of the estate which he represents, when by so doing the rights of domestic creditors are in no wise interfered with. Runk v. St. John, 29 Barb. 585; Barclay v. Mining Co., 6 Lans. 25; In re Waite, 99 N. Y. 433, 2 N. E. 440; Johnson v. Wallis, 112 N. Y. 230, 19 N. E. 653; Toronto General Trust Co. v. Chicago, B. & Q. R. Co., 123 N. Y. 37, 25 N. E. 198; Insurance Co. v. Wright, 55 Vt. 526; Cooke v. Town of Orange, 48 Conn. 401; Beach, Rec. § 685. If, therefore, as a matter of comity, a foreign receiver may bring an action in this state to collect a debt, or enforce or protect any other right or interest, it would seem to follow that upon like principles a citizen of this state may invoke the aid of a state court to establish any claim he may have against a foreign receiver who brings himself within the jurisdiction of that court, where, as in this case, the claim is founded upon an agreement entered into with the receiver in his official capacity, and arises out of a transaction which occurred within the state. In the case of Johnson v. Wallis, supra, which was an action to compel a specific performance of a contract to sell and assign a judgment,—such contract having been

entered into in the state ,of New Jersey with the defendants, who were the executors of the last will and testament of a former citizen of that state,—the court of appeals, in discussing the right of a foreign executor to sue and be sued in this state, used this language, viz.:

"In Lawrence v. Lawrence, 3 Barb. Ch. 74, the rule was declared to be applicable only to suits brought upon debts due to the testator in his lifetime, or based upon some transaction with him, and does not prevent a foreign executor from suing in our courts upon a contract made with him as such executor. Of course, where he can sue upon such contract, he may be sued upon it. The remedy must run to each party, or neither."

And in Massachusetts it was held that an action might be maintained in that state, against the receivers of a railroad appointed by the court of chancery of another state, to recover the value of a car load of hay which was destroyed by fire while in transit upon a road which was being operated by the receivers, and a portion of which extended into the state where the action was brought. Paige v. Smith, 99 Mass. 395. In this connection it is proper to bear in mind that the plaintiff is not attempting to control the official acts of the defendants, neither is she seeking to reach property in their hands which unquestionably is subject to the control and disposition of the courts of another state, but she is simply endeavoring to have her claim against these defendants adjudicated and established in the forum and by the law of the place where the contract out of which it arose was entered into; and, in entertaining her action, we are unable to see how any principle of interstate comity is violated, inasmuch as it is conceded that the plaintiff, in the event of her success in establishing her claim, must necessarily enforce any judgment which she may recover in accordance with the laws of the state of Ohio.

But it is further contended that the service of the summons herein should be set aside for the reason that the plaintiff's action was commenced without first obtaining leave of the court. It is undoubtedly true that in this state a receiver, who is, in a peculiar sense, an officer of the court, cannot properly sue or be sued without permission of the court whose officer he is; but such, it seems, is not the rule in Ohio, where it is expressly provided by statute that a receiver of a railroad located wholly or partially within that state may sue and be sued in the courts of that state without leave previously granted. Bates' Ann. St. Ohio, § 3415. And even in this state failure to obtain permission to sue a domestic receiver is an irregularity merely, which is punishable as for a contempt, and can be cured or waived at any stage of the action. Taylor v. Baldwin, 14 Abb. Prac. 166; De Groot v. Jay, 30 Barb. 483; Hubbell v. Dana, 9 How. Prac. 424; James v. Cement Co., 8 N. Y. St. Rep. 490. Without deciding, therefore, whether or not, in this particular case, the plaintiff should have applied to some court for leave to bring her action, it is enough to say that her failure to do so did not deprive the court of jurisdiction; neither did it necessarily require that the service of the summons should be vacated.

These views lead to the conclusion that the special term was war-

ranted in denying the defendant's motion, and that the order appealed from should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.