LUCIUS N. LITTAUER et al., Appellants, v. JAMES STERN, Respondent.

PRACTICE — ORDER EXTENDING TIME TO ANSWER, OR DEMUR, EXTENDS TIME FOR APPEARANCE. An order extending the time of a defendant to answer, or demur, for the period of twenty days extends, *ipso facto*, defendant's time to appear in the action for that period, and where a copy of such order and of the affidavits upon which it was founded have been served upon plaintiff's attorney, the plaintiff is not authorized to enter judgment against defendant, as upon default in appearing, before the time to answer, as extended by such order, has expired.

*Littauer* v. *Stern*, 88 App. Div. 274, affirmed.

(Argued January 6, 1904; decided January 19, 1904.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 14, 1903, which affirmed an order of Special Term vacating a judgment against the defendant.

The facts, so far as material, and the question certified, are stated in the opinion.

*Andrew J. Nellis* for appellants. Since there was a default in appearing the plaintiffs were entitled, by an express provision of the Code of Civil Procedure, to enter judgment, and their attorney's practice in so doing was regular. (Code Civ. Pro. § 1212.) There can be no default in pleading until there has been an appearance. An extension of defendant's time to plead does not operate as an extension of his time to appear, nor can it prevent judgment by default for the want of an appearance. (Code Civ. Pro. § 1212; *Bangs* v. *Selden*, 13 How. Pr. 374; *Bank of Genesee* v. *Spencer*, 15 How. Pr. 14.) There was no appearance. (*Stephens* v. *Arthur*, Salk. 544; *Cooley* v. *Lawrence*, 12 How. Pr. 176; *De Wandelaer* v. *Coomer*, 6 Johns. 328; *Vanderpoel* v. *Wright*, 1 Cow. 209; *Mann* v. *Carley*, 4 Cow. 148; *Colby* v. *Knapp*, 13 N. H. 175; *Francis* v. *Sitts*, 2 Hill, 362; *Huff* v. *Shepard*, 58 Mo. 242; *P. L. Co.* v. *Galbraith*, 38 App. Div. 68; *Benedict* v. *Arnoux*, 38 N. Y. Supp. 882.)

*Daniel P. Hays, Ralph Wolf* and *Hiram C. Todd* for respondent. Defendant did not make default in appearing. (Code Civ. Pro. § 1212; *Phinney* v. *Broschell,* 80 N. Y. 544.) The order extending time to answer or demur *ipso facto* extended the time to appear. (Code Civ. Pro. § 781.) The order extending time to plead, the indorsement thereon and the affidavits submitted on obtaining the same, constituted a sufficient notice of appearance. (*Krause* v. *Averill,* 4 Civ. Pro. Rep. 410; *Ayres* v. *W. R. R. Co.,* 48 Barb. 142; *Carpenter* v. *R. R. Co.,* 11 How. Pr. 481; *Bell* v. *Good,* 22 Civ. Pro. Rep. 317; *Quinn* v. *Tilton,* 2 Duer, 648; *Moran* v. *Helf,* 52 App. Div. 481.)

Vann, J. On the 23d of April, 1903, this action was commenced in the Supreme Court by the service of a summons and complaint on the defendant personally. May 9th, 1903, upon an affidavit of merits, made by himself, and an affidavit showing that further time to answer was necessary, made by his attorney, he procured an order from one of the justices of the Supreme Court extending his time to answer or demur for the period of twenty days. On the same day a copy of the order and of the affidavits upon which it was founded were served by mail on the attorney for the plaintiffs with the following notice indorsed thereon: "Take notice that the inclosed is a copy of an order this day granted by Judge Kellogg in the within action. Dated May 9th, 1903. Hiram C. Todd, Attorney for defendant. To Andrew J. Nellis, Attorney for plaintiffs." The office address of the attorney for the defendant was neither added to his signature nor elsewhere stated, and the other "particulars" required by sections 417 and 421 of the Code of Civil Procedure nowhere appeared. The attorney for the plaintiffs did not return the papers so served on him, but retained them without objection, so far as appears. No other attempt to appear in the action was made by or in behalf of the defendant until after May 14th, 1903, when judgment by default was entered in favor of the plaintiffs for the

amount demanded in the complaint, with costs; an execution was at once issued and a levy thereunder promptly made upon the property of the defendant. The judgment was vacated on motion of the defendant, made at Special Term, on notice, as irregularly entered in disregard of said order. Upon appeal to the Appellate Division the order granting said motion was affirmed, but leave to appeal to this court was duly given and the following question certified to us for decision :-

" After the granting and service of the order of Mr. Justice JOHN M. KELLOGG on the 9th day of May, 1903, were plaintiffs authorized to enter judgment as upon default before the time to answer, as extended by said order, expired? "

The last day to answer, according to the summons, was on May 13th, and judgment was entered on May 14th, although an order extending the time to answer for twenty days had been made and served. The plaintiffs claim that this practice was regular upon the ground that the defendant had made no lawful appearance in the action; that the order extending the time to answer did not extend the time to appear, and that judgment was properly entered for default in appearing. They insist that the course pursued by them is authorized by certain sections of the Code of Civil Procedure, which we will briefly examine.

Section 418, in prescribing the form of a summons, contains a notice to the defendant that in case of his " failure to appear or answer," within the time provided, " judgment will be taken against " him " by default for the relief demanded in the complaint."

Section 421 provides that " the defendant's appearance must be made by serving upon the plaintiff's attorney, within twenty days after service of the summons, exclusive of the day of service, a notice of appearance, or a copy of a demurrer or of an answer. A notice or pleading so served, must be subscribed by the defendant's attorney, who must add to his signature his office address, with the particulars prescribed in section 417 * * * concerning the office address of the plaintiff's attorney."

Section 1212 authorizes judgment by default in certain actions on contract, "if the defendant has made default in appearing," and also "if the defendant has seasonably appeared, but has made default in pleading."

According to section 781, "where the time, within which a proceeding in an action, after its commencement, must be taken, has begun to run, and has not expired, it may be enlarged, upon an affidavit showing grounds therefor, by the court, or by a judge authorized to make an order in the action." Such an order "may be made by any judge of the court, in any part of the state." (§ 772.)

An appearance may be made by the service of a formal notice, or a copy of an answer, or a copy of a demurrer. (§ 421.) As an answer is an appearance, an extension of the time to answer is necessarily an extension of the time to appear and would be useless without it. Unless an appearance has already been made, an answer cannot be served without thereby effecting an appearance and hence the right to answer includes by implication the right to appear. If an answer is served within the twenty days prescribed by the summons, but without a formal notice of appearance, judgment cannot be entered upon the expiration of said period for default in appearing, because an appearance goes with the answer as a part of it. It is impossible to answer without appearing, for by command of the statute service of a copy of an answer is *ipso facto* an appearance. The order enlarging the time to answer carried with it the right to do whatever could be done by the service of an answer. The practice is general to obtain time to answer, whether by order or stipulation, without expressly including in either the right to appear, yet never before in our experience has it been claimed that for this reason judgment might be entered for default in appearing, notwithstanding the extension of the time to plead. Universal practice is generally correct practice, because it is sanctioned by the judgment of the entire bar. When a statute regulating a subject coming within the daily experience of almost every lawyer in the state, has been in force for more

than twenty years but has never been held by the courts or acted upon by attorneys as authorizing a certain act, it is safe to conclude that authority for such an act does not come within the intention of the legislature.

We think that the defendant was not in default in any respect and that the practice pursued by the plaintiffs was irregular.    The order should, therefore, be affirmed, with costs, and the question certified answered in the negative.

PARKER, Ch. J., O'BRIEN, BARTLETT, MARTIN, CULLEN and WERNER, JJ., concur.

Order affirmed.