## PRUYN v. BLACK.

(Supreme Court, Appellate Division, Third Department. May 3, 1905.)

**1. RECEIVERS—SUIT WITHOUT LEAVE—JURISDICTION.**

The commencement of an action against a receiver without leave does not affect the jurisdiction of the court, but merely constitutes contempt, and the action is regular until the proceeding is stayed or set aside by the court.

**2. SAME—FOREIGN RECEIVER—APPEARANCE.**

Under Code Civ. Proc. § 421, declaring that defendant's appearance must be made by serving a notice of appearance or a copy of a demurrer or an answer, and section 1780, declaring that a foreign corporation may be sued by a resident of this state, a receiver of a foreign corporation appointed in another state, and who served a demurrer in an action against him in this state by a resident of this state to cancel a contract for fraud, thereby gave the court jurisdiction, even though the contract related to lands in a foreign country.

**3. CANCELLATION OF INSTRUMENTS—RIGHT TO RELIEF.**

Where a contract executed by plaintiff was attached by a creditor of the other contracting party, plaintiff may sue the sheriff and the receiver of the other party to cancel the contract for fraud, even though it was not subject to attachment, and hence allegations in the complaint that the sheriff threatened to enforce the contract were surplusage.

Appeal from Special Term, Albany County.

Action by Robert C. Pruyn against Charles C. Black, as receiver of the Ecuador Company, and others. From a judgment overruling a demurrer to the complaint, defendant appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Steele, De Friese & Frothingham, for appellant.
Sheehan & Collin (C. V. Nellany, of counsel), for respondents.

HOUGHTON, J. The Ecuador Company was organized under the laws of the state of New Jersey, and the defendant, Black, was appointed its receiver by the courts of that state. The corporation had become the owner by assignment of a contract entered into by this plaintiff with the Ecuadorian Association, Limited, a corporation organized under the laws of Scotland. Prior to the appointment of a receiver for the Ecuador Company, action had been brought against it, and an attachment issued to the sheriff of Albany county, who attached the contract in question, and took it into his possession as an attachable asset of said corporation, and threatened to enforce the same against plaintiff. Thereupon this action was brought, and the complaint alleges that the contract was procured from the plaintiff by fraud and deceit, and asks that the same be declared null and void and canceled, and that all persons claiming any interest under it, and particularly the attaching sheriff, be restrained from instituting any proceedings to enforce it. Personal service of the summons was made upon the receiver while he was temporarily within the state of New York. He served a demurrer to the complaint; alleging that this court has no jurisdiction of himself or of the subject-matter of the action, and that the complaint does not state facts sufficient to constitute a cause of action generally or against himself. He further insists that leave to sue him as receiver should have been obtained, and that the contract is not of the kind subject to attachment, and enforceable thereunder.

We think the court obtained jurisdiction of the defendant, and has jurisdiction of the subject-matter of the action. The commencement of an action against a receiver without leave does not affect the jurisdiction of the court. Hirshfield v. Kalischer, 81 Hun, 606, 30 N. Y. Supp. 1027. The rule requiring leave to sue a receiver is not statutory, and is not elementary to the action. Suing without leave is purely a question of contempt of court. Chautauqua County Bank v. Risley, 19 N. Y. 369, 75 Am. Dec. 347. The court, on motion, may set aside or stay the proceeding commenced without its sanction; but until the court interferes the action is regular. Hackley v. Draper, 4 Thomp. & C. 614, affirmed 60 N. Y. 88.

The defendant receiver did not appear specially and move to set aside the process served upon him. So far as is disclosed by the record, he served a demurrer to the plaintiff's complaint in the regular way. This was a general appearance. A defendant may appear in an action by the service of a demurrer or of an answer as well as by notice that he appears. Code Civ. Proc. § 421; Littauer v. Stern, 177 N. Y. 233, 236, 69 N. E. 538.

A foreign corporation may be sued by a resident of this state (Code Civ. Proc. § 1780); and, even by the common law, if such a corporation saw fit voluntarily to appear in the action, jurisdiction

was acquired. Gibbs v. Queen Ins. Co., 63 N. Y. 125, 20 Am. Rep. 513; Hann v. Barnegat, etc., Improvement Co., 7 Civ. Proc. R. 223. On the principle of comity, our courts uphold the title of a foreign receiver, and he can come to this state and enforce the obligations due the corporation which he represents, in the same manner as a domestic receiver. Mabon v. Ongley Electric Co., 156 N. Y. 201, 50 N. E. 805. So, also, a resident of this state can enforce in our Supreme Court an obligation arising out of a transaction occurring in this state with receivers of a foreign corporation appointed in a foreign state, where they are regularly in court, so that jurisdiction of them is obtained. Le Fevre v. Matthews, 39 App. Div. 232, 57 N. Y. Supp. 128.

Although the complaint is silent as to the place where the contract between the Ecuadorian Association, Limited, and the plaintiff was entered into, yet it was found in the county of Albany, and the defendant sheriff now has it in his actual custody, and it may fairly be assumed that it was actually entered into within this state. If so, the alleged fraud was committed here, and the receiver not only having been served with process, but having appeared, the court has jurisdiction both of himself and of the corporation which he represents, and of the subject-matter of the action. But if the contract should not be considered as made in this state, the plaintiff is a resident, and the defendant is properly before the court; and having jurisdiction of the parties, it has jurisdiction to try the question of fraud and award a decree, although the contract may relate to lands in a foreign country. Gardner v. Ogden, 22 N. Y. 327, 78 Am. Dec. 192; Chase v. Knickerbocker Phosphate Co., 32 App. Div. 400, 53 N. Y. Supp. 220.

It remains to be considered whether the complaint states a cause of action generally, or against the demurring receiver. The contract set forth in the complaint provides that the Ecuadorian Association, Limited, shall acquire, and this plaintiff undertakes that it shall acquire, the entire capital stock, fully paid, less five shares for the purpose of qualifying directors, of a certain corporation, and that that corporation shall, through plaintiff, become the owner of about 10,000 acres of land, free and clear of incumbrances, near the city of Guayaquil, in the republic of Ecuador, in consideration of which plaintiff was to have certain interests in the Ecuadorian Association, Limited, and its subsidiary companies. After making considerable advances in money towards fulfillment, the plaintiff repudiated the contract on the ground that he was induced to enter into it by false and fraudulent representations. No money is payable by the terms of the contract, and if it is good, and the plaintiff is wrong in his contention that it is void for fraud, the Ecuador Company, its assignee, has an action for specific performance, or for damages arising out of its breach.

There may be doubt whether a contract such as this comes within the provisions of section 648 of the Code of Civil Procedure, making certain obligations attachable. That section, specifying what may be attached, might well be held to relate to causes of action and obligations arising in specific or general indebtedness, rather

than to include damages which might arise from failure to perform the covenants of a contract. But in our view of the case, we think it immaterial whether the contract, or the cause of action arising out of it, was attachable or not. The complaint alleges that the plaintiff was induced to enter into the contract by false and fraudulent representations upon which he relied, and that upon their discovery he repudiated it, and asks that the court decree its nullity. One who has been induced to enter into a contract by false and fraudulent representations, upon which he has relied, has the right to bring an action to establish the fraud, and to be released from its provisions, whether there be a threatened or attempted enforcement of it or not. Story's Equity Jurisprudence, §§ 694, 700, 700a, 701; McHenry v. Hazard, 45 N. Y. 580; Bosley v. N. M. Co., 123 N. Y. 555, 25 N. E. 990. This right is founded upon the broad principles of equity jurisprudence, which is not merely remedial, but reaches out to prevent injustice, and to brand with its fraudulent character an instrument which ought not to be used or enforced, and to prevent its being applied to an improper purpose and vexatiously litigated at a distant time, when the proper evidence to repel the claim may have been lost.

It is true that the complaint complains that the sheriff threatens to enforce the contract in furtherance of his attachment. But this is not the gravamen of the action, and may be treated as surplusage. There remains the statement of a good cause of action for rescission and cancellation of the contract on the ground of fraud. It follows' that a good cause of action upon that ground is also pleaded against the defendant receiver, for he represents the corporation which is now the holder of the contract.

The demurrer was properly overruled, and the interlocutory judgment should be affirmed, with costs, with the usual right to answer upon paying the costs of the trial court and of this appeal. All concur.