ROBERT C. PRUYN, Respondent, v. EDWARD W. McCREARY, as Late Sheriff of the County of Albany, and Others, Defendants, Impleaded with CHARLES C. BLACK, as Receiver of THE ECUADOR COMPANY, Appellant.

*Action by a citizen of New York, without leave of court, against a foreign receiver of a foreign corporation — it constitutes a contempt of court, but the court has jurisdiction — a demurrer is an appearance — comity requires the recognition of a foreign receiver — what contract relating to lands in another jurisdiction is attachable under section 648 of the Code of Civil Procedure — action to set the contract aside because of fraud — what will be treated as surplusage in the complaint.*

The commencement of an action against a receiver without leave of the court does not affect the jurisdiction of the court to entertain the action, but simply constitutes a contempt of court; the proceedings taken in the action are regular until the court sets them aside or stays them.

The service, by the receiver, of a demurrer to the complaint constitutes a general appearance.

On the principle of comity the courts of the State of New York uphold the title of a foreign receiver of a foreign corporation, and he may come into the State of New York and enforce the obligations due the corporation which he represents in the same manner as a domestic receiver.

A resident of the State of New York may enforce in the Supreme Court thereof an obligation, arising out of a transaction occurring in the State of New York with receivers of a foreign corporation appointed in a foreign State, where such receivers are regularly in court so that jurisdiction of them is obtained.

*Quære*, where a corporation and an individual enter into a contract, whereby the individual undertakes that the corporation shall acquire the entire capital stock, less five shares, of another corporation and shall become the owner of a specified quantity of land in the Republic of Ecuador, in consideration of which the individual is to have certain interests in the corporation and in its subsidiary companies, whether the contract comes within the provisions of section 648 of the Code of Civil Procedure, making certain obligations attachable.

One who has been induced to enter into a contract, by false and fraudulent representations upon which he has relied, may bring an action to establish the fraud and to be released from the provisions of the contract whether or not the enforcement of the contract is attempted or threatened.

Such an action may be brought by a resident of the State of New York against the foreign receiver of a foreign corporation, if the court acquires jurisdiction of the receiver's person, notwithstanding that the contract was not made in the State of New York, and although the contract relates to lands in a foreign country.

An allegation in the complaint that the sheriff, one of the defendants in the action, threatens to enforce the contract which he claims to have acquired under an attachment may be treated as surplusage.

APPEAL by the defendant, Charles C. Black, as receiver of the Ecuador Company, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 28th day of November, 1904, upon the decision of the court, rendered after a trial at the Rensselaer Special Term, overruling the said defendant's demurrer to the plaintiff's complaint.

*Theodore L. Frothingham,* for the appellant.

*Sheehan & Collin,* for the respondent.

HOUGHTON, J.:

The Ecuador Company was organized under the laws of the State of New Jersey, and the defendant Black was appointed its receiver by the courts of that State.

The corporation had become the owner by assignment of a contract entered into by this plaintiff with the Ecuadorian Association, Limited, a corporation organized under the laws of Scotland.

Prior to the appointment of a receiver for the Ecuador Company, action had been brought against it and an attachment issued to the sheriff of Albany county, who attached the contract in question and took it into his possession as an attachable asset of said corporation, and threatened to enforce the same against plaintiff.

Thereupon this action was brought, and the complaint alleges that the contract was procured from the plaintiff by fraud and deceit, and asks that the same be declared null and void and canceled, and that all persons claiming any interest under it, and particularly the attaching sheriff, be restrained from instituting any proceedings to enforce it.

Personal service of the summons was made upon the receiver while he was temporarily within the State of New York. He served a demurrer to the complaint, alleging that this court has no jurisdiction of himself or of the subject-matter of the action, and that the complaint does not state facts sufficient to constitute a cause of action generally or against himself. He further insists that leave to sue him as receiver should have been obtained, and that the contract is not of the kind subject to attachment and enforcible thereunder.

We think the court obtained jurisdiction of the defendant and has jurisdiction of the subject-matter of the action.

The commencement of an action against a receiver without leave does not affect the jurisdiction of the court. (*Hirshfeld* v. *Kalischer*, 81 Hun, 606.) The rule requiring leave to sue a receiver is not statutory and is not elementary to the action. Suing without leave is purely a question of contempt of court. (*Chautauque County Bank* v. *Risley*, 19 N. Y. 369.) The court, on motion, may set aside or stay the proceeding commenced without its sanction, but until the court interferes the action is regular. (*Hackley* v. *Draper*, 4 T. & C. 614; affd., 60 N. Y. 88.)

The defendant receiver did not appear specially and move to set aside the process served upon him. So far as is disclosed by the record he served a demurrer to the plaintiff's complaint in the regular way. This was a general appearance. A defendant may appear in an action by the service of a demurrer or of an answer, as well as

by notice that he appears. (Code Civ. Proc. § 421; *Littauer* v. *Stern*, 177 N. Y. 233, 236.)

A foreign corporation may be sued by a resident of this State (Code Civ. Proc. § 1780) and even by the common law, if such a corporation saw fit voluntarily to appear in the action jurisdiction was acquired. (*Gibbs* v. *Queen Ins. Co.*, 63 N. Y. 125; *Hann* v. *Barnegat, etc., Improvement Co.*, 7 Civ. Proc. Rep. 223.) On the principle of comity our courts uphold the title of a foreign receiver, and he can come to this State and enforce the obligations due the corporation which he represents, in the same manner as a domestic receiver. (*Mabon* v. *Ongley Electric Co.*, 156 N. Y. 201.) So, also, a resident of this State can enforce in our Supreme Court an obligation arising out of a transaction occurring in this State with receivers of a foreign corporation appointed in a foreign State where they are regularly in court, so that jurisdiction of them is obtained. (*Le Fevre* v. *Matthews*, 39 App. Div. 232.)

Although the complaint is silent as to the place where the contract between the Ecuadorian Association, Limited, and the plaintiff was entered into, yet it was found in the county of Albany, and the defendant sheriff now has it in his actual custody, and it may fairly be assumed that it was actually entered into within this State. If so, the alleged fraud was committed here, and the receiver not only having been served with process, but having appeared, the court has jurisdiction both of himself and of the corporation which he represents and of the subject-matter of the action. But if the contract should not be considered as made in this State, the plaintiff is a resident and the defendant is properly before the court, and having jurisdiction of the parties it has jurisdiction to try the question of fraud and award a decree, although the contract may relate to lands in a foreign country. (*Gardner* v. *Ogden*, 22 N. Y. 327; *Chase* v. *Knickerbocker Phosphate Co.*, 32 App. Div. 400.)

It remains to be considered whether the complaint states a cause of action generally, or against the demurring receiver.

The contract set forth in the complaint provides that the Ecuadorian Association, Limited, shall acquire, and this plaintiff undertakes that it shall acquire, the entire capital stock, fully paid, less five shares for the purpose of qualifying directors of a certain cor

poration; and that that corporation shall, through plaintiff, become the owner of about 10,000 acres of land, free and clear of incumbrances, near the city of Guayaquil, in the Republic of Ecuador, in consideration of which plaintiff was to have certain interests in the Ecuadorian Association, Limited, and its subsidiary companies. After making considerable advances in money towards fulfillment the plaintiff repudiated the contract on the ground that he was induced to enter into it by false and fraudulent representations. No money is payable by the terms of the contract, and if it is good and the plaintiff is wrong in his contention that it is void for fraud, the Ecuador Company, its assignee, has an action for specific performance, or for damages arising out of its breach.

There may be doubt whether a contract such as this comes within the provisions of section 648 of the Code of Civil Procedure making certain obligations attachable. That section, specifying what may be attached, might well be held to relate to causes of action and obligations arising in specific or general indebtedness, rather than to include damages which might arise from failure to perform the covenants of a contract. But in our view of the case we think it immaterial whether the contract or the cause of action arising out of it was attachable or not.

The complaint alleges that the plaintiff was induced to enter into the contract by false and fraudulent representations upon which he relied, and that upon their discovery he repudiated it, and asks that the court decree its nullity. One who has been induced to enter into a contract by false and fraudulent representations upon which he has relied, has the right to bring an action to establish the fraud and to be released from its provisions whether there be a threatened or attempted enforcement of it or not. (Story Eq. Juris. [13th ed.] §§ 694, 700, 700a, 701; *McHenry* v. *Hazard*, 45 N. Y. 580; *Bosley* v. *N. M. Co.*, 123 id. 555.) This right is founded upon the broad principles of equity jurisprudence, which is not merely remedial but reaches out to prevent injustice and to brand with its fraudulent character an instrument which ought not to be used or enforced, and to prevent its being applied to an improper purpose, and vexatiously litigated at a distant time when the proper evidence to repel the claim may have been lost.

It is true that the complaint complains that the sheriff threatens

to enforce the contract in furtherance of his attachment.   But this is not the gravamen of the action and may be treated as surplusage. There remains the statement of a good cause of action for rescission and cancellation of the contract on the ground of fraud.   It follows that a good cause of action upon that ground is also pleaded against the defendant receiver for he represents the corporation which is now the holder of the contract.

. The demurrer was properly overruled, and the interlocutory judgment should be affirmed, with costs, with the usual right to answer upon paying the costs of the trial court and of this appeal.

All concurred.

Interlocutory judgment affirmed, with costs, with usual leave to answer upon payment of costs of trial and of this appeal.