Roy L. Spooner, General Assignee, etc., Plaintiff, *v.* James Hanby, Defendant.

Supreme Court, Cayuga County, January 22, 1927.

Assignments for benefit of creditors — action by assignee — failure to allege authority of court to sue under Debtor and Creditor Law, § 14, is not such jurisdictional defect as to justify judgment on pleadings under Rules of Civil Practice, rule 112.

In an action by an assignee for the benefit of creditors, a failure to allege authority of the court to sue, under section 14 of the Debtor and Creditor Law, is not a jurisdictional defect, and may be supplied *nunc pro tunc;* therefore, judgment on the pleadings, under rule 112 of the Rules of Civil Practice, cannot be granted.

Motion for judgment on the pleadings under rule 112 of the Rules of Civil Practice.

*A. J. & F. A. Parker,* for the plaintiff.

*Benjamin C. Mead,* for the defendant.

Rodenbeck, J. The defect alleged in the complaint is the failure to state that the assignee is authorized to sue. The question of leave to sue is undoubtedly controlled by the statute (Debtor and Creditor Law, § 14, as added by Laws of 1914, chap. 360). The assignee may sue but it must be " under the direction of the court." The general rule applicable to a receiver requiring leave to sue or be sued (*Witherbee* v. *Witherbee,* 17 App. Div. 181, 183) is applicable to an assignee. The failure to obtain leave to sue is, however, not a jurisdictional defect. (*Hirshfeld* v. *Kalischer,* 81 Hun, 606; *Pruyn* v. *McCreary,* 105 App. Div. 302, 304.) The failure to allege leave to sue does not make the complaint demur-

rable or justify judgment on the pleadings. Leave to sue may be obtained *nunc pro tunc* and meanwhile the action may be stayed. (Cases cited.)

Motion denied but action stayed until leave to sue is obtained, without costs to either party.