## SUPREME COURT.

### Ezra Gould agt. John Mortimer, Jr. and others.

Every person whose rights are injuriously affected by a judgment or proceedings under it, in a *foreclosure suit*, has the right to move the court to set aside or amend them, although he is *not a party to the suit*.

And if the party is so connected with the foreclosure suit as that he could have moved in that suit to set aside the sale, then he cannot maintain *an action* to accomplish that object. His remedy is *by motion in the original suit*.

*New York Special Term, December*, 1863.

This action is brought by the plaintiff, who is the owner of the equity of redemption of premises lying and being in this city, mortgaged by one Nash to the defendant Morti-

mer, to secure the payment of $8,000 one year from 15th October, 1860, to set aside a sale of said premises made pursuant to a decree of foreclosure of said mortgage. The plaintiff purchased in November, 1861, subject to said mortgage, but his deed from Nash was not recorded, and he was not, for that reason, made a party to the foreclosure suit.

E. W. DODGE, *for plaintiff.*
WM. HENRY ARNOUX, *for defendants.*

MULLIN, Justice.   The grounds on which it is sought to set aside the sale are :

1st. That it was made at a season of the year when purchasers who attend sales of real estate were accustomed to be and were in fact out of the city.

2d. The sheriff, to whom the making of sale was committed, refused to postpone it, although requested so to do.

3d. That the premises did not bring as large a price as they would have done if sold at another and more propitious season.

4th. That the plaintiff's agents delivered to the sheriff, before the sale, a diagram on which was marked the location of certain buildings standing on the premises, and that such location was erroneous, and that the lots on which said buildings actually stood sold for much less than they would have sold for had the true location been known to the purchasers.

5th. The sheriff sold a much larger number of lots than was necessary in order to raise the amount due on the mortgage and the costs of the foreclosure.

When the cause was called and the counsel had stated the case, I dismissed his complaint on the ground that his remedy was by motion in the foreclosure suit to set aside the sale, and not by action.

A motion is made for a new trial, and the questions presented are :

1st. Will an action lie by one person to set aside a foreclosure sale on account of mere irregularities in the sale ? and

2d. If it will not lie in favor of persons party to the foreclosure suit, will it lie in favor of the plaintiff who was not a party, and who could not, as it is said, make a motion in the foreclosure suit to set aside the sale ?

The chancellor held, in *Brown* agt. *Frost* (10 *Paige*, 243), that an original bill in chancery cannot be filed by a party to a foreclosure suit to set aside a master's sale under a decree, when relief could have been obtained by a summary application to the court in the foreclosure suit.

The same is held in *Requa* agt. *Rea* (2 *Paige*, 339) ; *Collier* agt. *Whipple* (13 *Wend.* 224) ; *Nichol* agt. *Nichol* (8 *Paige*, 349) ; *Am. Ins. Co.* agt. *Oakley* (9 *Paige*, 259).

If, then, the plaintiff in this case is so connected with the foreclosure suit as that he could have moved in that suit to set aside the sale, then he cannot maintain this action within the principle of the cases cited.

That he was not actually a party is conceded. But his grantor was a party, being the mortgagor, and the plaintiff was in privity with him and bound by the decree, although not actually a party to the action.

Every person whose rights are injuriously affected by the judgment or proceedings under it, has the right to move the court to set aside or amend them, although he is not a party to the suit.

This has repeatedly been held in regard to judgments entered on defective confessions, or in fraud of creditors. (*See Abbott's Digest, Confession of Judgment*, 624, § 102 *et seq.* ; *same, Motions*, 78, § 32 *et seq.*)

The case of the *American Insurance Company* agt. *Oakley* (9 *Paige*, 259) is decisive on this question, and, indeed, of this motion for a new trial. In that case a junior judg-

ment creditor, not a party to a foreclosure suit, made a motion to set aside a sale, on the ground that the property did not bring as much as it should and would have done had it been sold in parcels, instead of in gross, as it was sold by the master. The judgment creditor was ignorant of the fereclosure and sale. The chancellor vacated the sale, and directed a resale upon terms.

In that case the creditor was not a party, yet he was permitted to move, on the ground that the sale injuriously affected his interests in the property. In that case the moving party was ignorant of the whole proceedings, yet he was not turned over to another action, but had relief summarily on motion. If such a party could be relieved on motion, I see no reason why this plaintiff has not a right to relief in the same way, if he has not forfeited by his laches or some other act which would render it inequitable to grant him relief.

The motion is denied, with costs.