[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 90 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 91 
The counsel for the defendant claims, that if the plaintiffs were entitled to any relief in this action their true remedy was to apply to the court, by motion, in the action in which the receiver was appointed. The Special Term had authority, no doubt, to hear a motion for the purpose indicated, and could have vacated the sale made by the receiver, although it is not so clear that the equitable rights of the parties could have been as well protected and disposed of in this form as could be done in an action brought especially for that purpose. But even if a motion could have been made, I think that an equitable action will lie to vacate an order of a court, obtained for a fraudulent purpose, and a sale made in pursuance of the same. The rule is well settled, that courts will set aside, as a nullity, a judgment, decree, or award obtained by fraud. (State ofMichigan v. Phœnix Bank, 33 N.Y., 9, 27; Wright v. Miller,
4 Seld., 9; Dobson v. Pearce, 2 *Page 93 
Kern., 156; Tiernan v. Wilson, 6 J. Ch., 411.) In Wright v.Miller, it was held, that equity will entertain a suit to vacate a decree obtained by collusion between trustees and tenants in possession of a trust estate, to defeat the rights of persons entitled to equitable interests therein. In Dobson v.Pearce, it was said: "It is unquestionable that a Court of Chancery will grant relief against judgments obtained by fraud." In Tiernan v. Wilson, a sheriff's sale of real estate was set aside by the chancellor, in an action brought for that purpose, upon the ground that it was fraudulent in law, as the sheriff was chargeable with a gross act of negligence and abuse of trust. The same rule is applicable to a case where an order was fraudulently obtained, and within these cases, I do not see why this action was not properly brought.
There is a dictum in the opinion of Libby v. Rosekrans (55 Barb., 202, 219, 220), which is cited by defendants' counsel, to the effect that there is no authority which will sustain an independent action for the purpose of setting aside an order directing a receiver as to the manner in which he should proceed in giving notice of and making the sale, because it is irregular and improvident, even although the plaintiff was not a party to the proceeding in which the order was made; but the authorities cited by the learned judge to sustain this position are all cases of foreclosure sales, where it has been held that there is a full, adequate, and complete remedy by a motion to the court. (See Brown v. Frost, 10 Paige, 243; Am. Ins. Co. v.Oakley, 9 id., 259; McCotter v. Jay, 30 N.Y., 80; Gould
v. Mortimer, 26 How. Pr., 167.) Even if the case cited was in point, it would be in direct conflict with the principle laid down in cases decided by this court, which have been already cited supra.
It is insisted that there was no fraud or collusion between Simeon Draper and the receiver, Yelverton, in obtaining the order or in carrying out the sale, and as fraud and collusion is the basis of the original complaint, that the action cannot be maintained. Conceding that no fraud is established against Draper, sufficient appeared upon the trial to authorize a judgment *Page 94 
against him, as well as the other parties. By Draper's instigation and procurement, and with his knowledge and assent, a large judgment of $68,000 was secretly disposed of for the trifling and inadequate consideration of $2,500, when the receiver had been previously offered for the same, by Draper himself, at one time, $10,000, and at another, $25,000. The money, according to the facts proved, was furnished by Draper. The sale was for his benefit, and if valid he would have reaped the fruits of it. He suffered no loss by the purchase. In no sense does he occupy the position of a bona fide purchaser, and cannot be injured by setting aside the sale. Although Draper was not a direct participator in the receiver's fraud, yet he was, to a certain extent, a party to the sale sufficient to render him liable. It would be strange if, under such a state of facts, there was no relief in equity even against innocent parties who had, by the fraud of an officer of the court, without a fair consideration, unlawfully acquired title to property intrusted to his charge. As Draper had knowledge of the negotiations which had previously been made, and encouraged the sale, it is no answer to say that he was acting under the order of the court and therefore should be protected. The order of the court should not shield a party who thus acts with knowledge, and no wrong is done by restoring the parties to the same condition which they occupied prior to the alleged sale and transfer of the judgment. InTiernan v. Wilson (supra), the sheriff had sold land of the judgment debtor for a mere nominal sum, which sale was held to be fraudulent and void. As to the purchaser it was decided that there was no sufficient evidence of any fraudulent combination between him and the sheriff, though he undoubtedly purchased at his peril, and with a knowledge of all the circumstances that could affect the validity of the sale. And as to his assignee it was held that there was no fraud, he being a stranger to the proceedings, but the notice to the purchaser of the circumstances of the sale was constructive notice to him so as to affect his title. The receiver here was liable to the charge of fraud, as the sheriff was in *Page 95 
the case cited, for a gross violation of his duty, and Draper for purchasing with knowledge of the facts hereinbefore referred to.
Although it is so stated in the order, I think that the receiver was not appointed in accordance with the provisions of the Revised Statutes in regard to the voluntary dissolution of corporations (2 R.S., 467), but was, what is commonly called, a "common-law receiver," in contradistinction to a statutory receiver — an officer of the court vested with all the powers which the court may confer, and subject to its order and direction. In such a case the court has the power to give directions as to his proceedings, and perhaps may, in its discretion, provide as to the manner of disposing of the effects of the debtor. But if such an order be obtained fraudulently by an imposition upon the court it may be vacated for the fraud, and the parties restored to their original position. My opinion is that the judgment of the Special Term may be upheld upon this ground. As the transaction was fraudulent the sale cannot be upheld as a compromise. In fact, if intended as a compromise of a doubtful claim an application should have been made to the court for that purpose, and an order obtained authorizing a settlement to be made.
It is said that the money paid for the assignment of the judgment not having been returned no cause of action was made out. The answer to this position is, that the plaintiffs never received it, and it was in the hands of the receiver, beyond the plaintiffs' control, and they could not, therefore, return it. A point is made, that the court had no power to direct that the $2,500, paid to the receiver, should be applied on account of the judgment. There is no such provision made in the judgment as contained in the printed case, and therefore it is not necessary to discuss that question. There is no force in the point made, that the plaintiffs have no standing in court and cannot maintain the action. The plaintiffs have an interest in setting aside the sale of the judgment; and this objection is also sufficiently answered in *Page 96 
the opinion of the judge upon the demurrer to the plaintiffs' complaint.
There was no error upon the trial, and the judgment must be affirmed, with costs.
All concur.
Judgment affirmed.