ANN E. WILSON, RESPONDENT, *v.* DANFORD N. BARNEY, A. H. BARNEY, APPELLANT, AND OTHERS.

5   257
26ap410

5h      257
78 AD 606,

*Receiver — collusive appointment of — when order may be vacated.*

Where the court is satisfied that the appointment of a receiver of the assets of a corporation was made collusively and for the purpose of defrauding the plaintiff in another action brought against the trustees of the said corporation, to which such receiver is a party, it may make an order in such second action, on notice, vacating the appointment of the said receiver and appointing another in his place.

Where a court is required to decide whether the evidence before it is sufficient to establish the existence of any fact, and it decides that it is, this adjudication cannot be collaterally questioned because another tribunal may consider the evidence insufficient.

APPEAL from an order made at the Special Term, denying a motion for an injunction.

This action was commenced and prosecuted in the county of New York, to procure an accounting by the trustees of a joint stock company, known as Wells, Fargo & Co., and for the appointment of a receiver of the undistributed assets in their hands, and such a judgment was recovered on the 7th of February, 1873, under one of the provisions of which, one of the trustees, and a defendant in the action, Ashbel H. Barney, was appointed such receiver. Before the commencement of this suit, another action was commenced in Albany county by John McArdle, as a stockholder of the company, on behalf of himself and other stockholders, for a similar purpose, and to secure redress for certain alleged frauds and breaches of duty on the part of the trustees. That action was tried, and judgment

directed in favor of the plaintiff. A motion was then made for a receiver on behalf of the plaintiff tl.:.sin, and in support of the application it was urged that Ashbel H. Barney, who was a defendant in both actions, was not a proper person for receiver, on account of a possible liability on his part, as one of the trustees, and that his appointment was collusive. This motion was heard at the Special Term held in the city of Albany, and it resulted in an order referring it to a referee to name a proper person for the receivership, to take such evidence as might be offered by any person and to report it with his opinion, and also to state whether, in his opinion, the appointment of Ashbel H. Barney was collusive or improper. Notice of this motion was given to the attorneys of the plaintiff, and of the receiver, Ashbel H. Barney. A hearing was had before the referee, and, with the evidence taken, he reported that the appointment of Ashbel H. Barney, as receiver, was not proper, because, as one of the trustees of the company, he had " assisted in and consented to an improper and unauthorized disposition of portions of the assets and property " of the company, " and had thereby rendered himself liable to an action therefor, by any receiver of such property and assets who might be appointed on behalf of the plaintiff and any other stockholder who had not assented to such improper and unauthorized transfer." That it would become the duty of any receiver appointed in that action to investigate the transactions of the trustees with reference to the property and assets of the company, and call them to an account if they were found improper or unlawful, and that Ashbel H. Barney would not be a proper person to act as receiver in that event. The referee then recommended the appointment of Abraham V. De Witt, Esq., of Albany. The court, at Special Term, held in the city of Albany, on the 11th of May, 1874, after hearing the parties, made an order appointing Abraham V. De Witt, Esq., receiver of the property and assets of the company, and vacating, setting aside, and revoking the former appointment of Ashbel H. Barney, and directing him to deliver up, transfer, and convey unto Abraham V. De Witt, Esq., as receiver, the books, papers, vouchers, property, assets, books of account and choses in action of the said company, and the proceeds thereof, if any remained in his hands or under his control.

The defendant Ashbel H. Barney thereafter, on notice to Abraham V. De Witt, Esq., on the 13th day of March, 1875, applied to the Special Term at chambers, in the city of New York, for an order perpetually restraining Abraham V. De Witt, Esq., from interfering with him as receiver, or with the assets, or any part thereof, or the books, vouchers, or papers, or any of them relating to the same, and from using or enforcing against him the order, or any part of it, by which Abraham V. De Witt, Esq., was appointed receiver. This motion the court denied, and from the order denying it the defendant Ashbel H. Barney appealed.

*Grosvenor P. Lowrey,* for the appellant.

*Nathaniel C. Moak,* for the respondent.

Daniels, J.:

It does not appear by the order made at the Special Term in Albany, on what ground the court, on a mere motion in an action pending in that county, vacated and set aside an order made in another action in the county of New York. But a passage contained in the opinion of the learned justice holding the term, indicates it to have been done because the preceding appointment was considered collusive. That passage is as follows: " The appointment in the Wilson case is on its face formal and regular; still the circumstances attending it are so suspicious, that I strongly. think it was collusive and friendly to avoid the judgment in this case." If the court were governed, as it now should be deemed to have been, by that conclusion, then the order made by it had proper legal ground for its support. For a collusive or fraudulent proceeding, even though judicial in its nature, cannot be maintained, but it may be assailed and disregarded whenever and wherever it may be legally brought in question. (*State of Michigan* v. *Phœnix Bk.,* 33 N. Y., 9.) There seems to have been no other proper reason why the court should nullify and disregard the order of another co-ordinate tribunal having the same authority over the subject-matter of the litigation as it had itself. And in deference to its proceedings, as the report of the referee supplied facts supporting that view, it may be assumed that the direction was given

because the first order was regarded as collusive. This inference is confirmed by the circumstance that it could not consistently have been placed on any other ground. For if it should have been vacated as simply improvident or erroneous, it was the province of the court making it to determine that point. And that could have been done on the application of the plaintiff in the first action, by which leave might have been secured to make himself. a party to the proceeding for that purpose. (*Gould* v. *Mortimer*, 26 How. Pr., 167.)

The evidence upon which the referee reported the facts found by him may have been slight, so far as it contributed to the conclusion that the order was collusive. But even slight evidence will sustain the adjudication of a competent court, as long as it remains unreversed. It is sufficient for that purpose that the court is required to decide whether the fact contended for has been established by means of it. And if it decides that it has, the formal adjudication cannot be collaterally questioned because another tribunal may consider the evidence supporting it insufficient for that purpose. A court may err, as it often must, in its conclusions, but under ordinary circumstances that can be no good reason for wholly disregarding its decisions. When jurisdiction of the parties and of the subject-matter has been lawfully and regularly secured, an erroneous determination will be valid and binding as long as it may be allowed to remain unreversed.

The notice of the motion served gave the court jurisdiction over the parties receiving it. And the evidence which the referee returned with his opinion or statement of facts, so far completed it as to extend it over the subject-matter. And that was sufficient to render the order valid against any proceeding on behalf of the first receiver to enjoin and restrain its operations. (*People* v. *Brennan*, 10 S. C. [3 Hun], 666.)

The evidence returned by the referee may not have been legally complete for the purpose of maintaining the decision of the court, that the order first made was collusive. But even if it were not, the course pursued was not the appropriate one for its correction. That should be done by an appeal, on which it could be as fully considered as it was at the Special Term, and not by an effort to restrain and enjoin the proceedings provided for by it, in a col-

lateral manner. If the order had been made which was applied for at chambers, its effect would have been to practically annul the one which had been made by the Special Term at Albany. For no substantial difference exists between an order which vacates another altogether, and one perpetually enjoining its use and enforcement.

It is the practice of courts of justice, in the orderly course of their proceedings, to avoid the unseemly conflicts which that practice would not fail to produce. For that reason an ample remedy by way of appeal has been provided, which will generally prove sufficient to insure the correction of all orders made upon evidence too slender to sustain them. It is not designed to intimate that such was the state of the evidence before the court that made the order assailed. But if that shall be found to be the case, the error should be corrected by an appeal, and not by a collaterally hostile proceeding, carried on before another tribunal.

The order appealed from was right, and it should be affirmed, with ten dollars costs besides disbursements.

Davis, P. J., and Brady, J., concurred.

Ordered accordingly.