CLUKIES v. BANK OF NEW YORK et al.

(Supreme Court, Appellate Division, Second Department. June 6, 1902.)

RECEIVERS—ACTIONS—LEAVE OF COURT.

A trust company, acting as agent for plaintiff's assignor, collected certain money for her, which it deposited with a bank, and gave her a check on the bank therefor. When the check was presented, the bank refused payment on the ground that the company had gone into the hands of a receiver appointed by the United States circuit court. Plaintiff sued the bank and such receiver to recover the money without obtaining leave to sue the receiver. The federal judiciary act of March 3, 1887, as corrected 25 Stat. 433, provides that every receiver appointed by any federal court may be sued in respect to any act of his in carrying on the business without the previous leave of the court. *Held*, that this action is not within the terms of such statute, and cannot be maintained without leave of the court which appointed the receiver.

Appeal from special term, Kings county.

Action by Frank O. Clukies against the Bank of New York and another. From an interlocutory judgment sustaining the demurrer of defendant Otto T. Bannard, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

George W. Bristol, for appellant.
Thomas Mills Day, Jr., for respondent.

WOODWARD, J. The interlocutory judgment appealed from should be affirmed. The plaintiff brings this action against the Bank of New York and Otto T. Bannard, as receiver of the New England Loan & Trust Company, the claim being that the latter company, acting as the agent of the plaintiff's assignor, had collected certain

moneys belonging to her, depositing the same with the Bank of New York, the bank refusing to honor the check given in payment on the ground that the New England Loan & Trust Company had, before the presentation of the check, gone into the hands of a receiver. Mr. Bannard was appointed receiver in a proceeding before the United States circuit court for the Southern district of New York; and, while the federal judiciary act of March 3, 1887, as corrected by the act of August 13, 1888 (25 Stat. 433), provides that "every receiver or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed," we are of the opinion that the action of the plaintiff does not come within the rule of the statute. The action of the plaintiff is to collect certain moneys which were in the hands of the bank of New York as depository of the New England Loan & Trust Company, and which it is claimed had been set apart for the purpose of paying the plaintiff's claim. It relates to the property in the custody and control of the New England Company, and not to any "act or transaction of his in carrying on the business connected with such property," and in the absence of an allegation in the complaint that the action is brought with the consent of the court appointing such receiver there is a failure to state facts sufficient to constitute a cause of action. This is the question presented by the demurrer, and the court below has entered an interlocutory judgment, which, under all of the authorities to which our attention is called, should be affirmed. See 17 Enc. Pl. & Prac. 789, 790, and authorities cited in note 2.

Judgment affirmed, with costs. All concur.