(41 Misc. Rep. 148.)

### CRAIG v. JAMES et al.

(Supreme Court, Special Term, New York County. June, 1903.)

1. CORPORATIONS—ACTION AGAINST DIRECTORS—RELEASE BY RECEIVERS—PLEADING—DEMURRER.

A stockholder of a dissolved corporation in the hands of receivers sued its directors for mismanagement, alleging that the receivers refused to sue on request. A demurrer to the complaint was sustained by the Appellate Division on the ground that the directors had been released as such by the receivers before they had been requested to sue. Thereafter the order releasing the directors was modified by the Special Term on plaintiff's allegations, on hearing of a demurrer to an amended complaint, that at the instance of the directors the receivers omitted to present to the court at the time the order was made the facts and circumstances tending to establish the directors' liability, and that the directors had falsely induced the receivers or their attorneys to believe that they were impecunious. *Held*, that the complaint, as modified and amended, stated a sufficient cause of action.

Action by Robert A. Craig, on behalf of himself and other stock-holders of the Anglo-American Savings & Loan Association, against Thomas L. James and others. Demurrer to complaint overruled.

See 80 N. Y. Supp. 235.

F. M. Applegate, for plaintiff.
Dittenhoefer, Gerber & James, for defendants.

SCOTT, J. Upon the appeal from the judgment sustaining the demurrer to the former complaint the Appellate Division found the complaint insufficient only because of the order of June 29, 1901, whereby the receivers were instructed to release the defendants, who had been directors of the Anglo-American Savings & Loan Association, from all liability by reason of their alleged wrongful and negligent acts. That order and release were deemed to constitute an effective bar to an action by a stockholder, because any right of action a stockholder might have was one which was originally invested in the corporation, and passed from it to the receivers. The plaintiff could therefore sue only in the receivers' right, and because they refused to do so; and, so long as their release stood, neither they nor he could maintain an action. It was distinctly intimated in the opinion of the court that the complaint otherwise stated a good cause of action. 71 App. Div. 238, 242, 75 N. Y. Supp. 813. The plaintiff has now amended his complaint, and seeks to remedy the defect found in the earlier complaint by asking for a modification of the order of June 29, 1901, so as to eliminate from it the provision for the release from liability of the defendants who were formerly directors of the corporation. He states two grounds upon which he asks such modification: In the first place, he alleges that the receivers failed and

omitted to present to the court any of the facts and circumstances tending to establish the liability of the defendants, and were led to so fail and omit by the acts of the defendant directors and of the realty company organized by said defendants. In the second place, it is alleged that the defendant directors, by false and fraudulent representations, induced the said receivers or their attorneys to believe that the defendant directors were men of limited means and could not be held to respond fully in damages, and that such representations were false and were made with intent to deceive, and that the receivers relied on such representations, and were thereby, among other reasons, induced to ask the court to approve the agreement which included the release of the directors. If these allegations are true, as the demurrer admits them to be, it is obvious that the court was not fully informed of all the facts when it made the order referred to. The facts tending to establish the liability of the defendant directors, as set forth in the complaint, indicate that that liability, if established, will be for a very large sum of money, and it may well be doubted if, with these facts before it, the court would have made the order. The authority for seeking such a modification of the order is to be found in Hackley v. Draper, 60 N. Y. 88, wherein an order authorizing a receiver to sell a judgment for an inadequate consideration was vacated. The circumstances under which the order now attacked was made amply justify an inquiry. The assets of the corporation were in process of administration by the court for the benefit of the creditors and stockholders. The receivers were the trusted agents of the court for the purposes of such administration, and the court, in making any order respecting such administration, was obliged necessarily to rely in great measure upon the information furnished by the receivers and upon their recommendations. If these receivers, either by their own fault or by procurement of the defendant directors, withheld from the court facts pertinent to the matter then before it, the court obviously acted upon incomplete information. If the defendant directors, by false and fraudulent representations, misled the receivers, they in effect and in fact misled and imposed upon the court. If the allegations made by the plaintiff are true, it is clear that the court should consider whether or not the order ought to stand. I cannot agree that this is a collateral attack upon the order. On the contrary, it is most direct, being made in an action instituted for the express purpose, among others, of modifying or correcting the order. I see no force in the contention that the plaintiff is concluded by the affirmance of the order by the Appellate Division. He was no party to that proceeding, except as he was represented therein by the receivers, whose failure to properly advise the court constitutes a part of the gravamen of his attack upon the order. Furthermore, the appeal from the order was necessarily heard upon the papers upon which the order was made, and the reason now given why the order should be modified could not have been brought to the attention of the Appellate Court. The realty company which purchased the assets of the Anglo-American Company is not a necessary party to the action. No relief is asked against it, and no interference is sought with its purchase. As a

corporation it can have no interest in the question whether or not the defendant directors shall be required to pay damages. Nor is there a misjoinder of causes of action. The modification of the order of June 29, 1901, is merely incidental to the main purpose of the action. Demurrer overruled, with costs, with leave to withdraw demurrer and answer within 20 days on payment of costs.

Demurrer overruled, with costs, with leave to withdraw demurrer, and answer within 20 days on payment of costs.