(78 App. Div. 603.)

### FLAMM et al. v. PERRY et al.

(Supreme Court, Appellate Division, Second Department. January 16, 1903.)

1. PARTITION SUIT—ORDER BRINGING IN NEW PARTY—JUDGMENT CREDITOR—RIGHTS.

After commencement of a partition suit, a third party recovered a judgment against a defendant and his successor in interest, and his lien was allowed by the referee. An interlocutory judgment was entered in February, 1902. In October, 1902, such third party moved to be

made a party defendant, alleging that the proceeds of the sale would be insufficient to satisfy prior liens and his judgment. Code Civ. Proc. §§ 1561, 1562, provide that the referee in partition shall inquire as to the creditors and as to any liens held by them, and report the amount thereof to the court. Sections 1577 and 1578 provide that a final judgment in partition shall be conclusive on the parties, and a bar against each person not a party who has a general lien on an interest of a party, and on notice makes proof of such lien, but not against a person having a specific lien who is not a party. *Held*, that an order granting such motion, unless all the parties consented to a rehearing of the final order, was erroneous in so far as it allowed him to litigate those questions which could have been heard before the referee, and could have been disposed of by his report.

Appeal from special term.

Action for partition brought originally by Eliza J. Flamm and another against Eucilla A. Wilkins and others. The interest of the defendant Wilkins was acquired by defendant Clarence S. Perry. The action proceeded to interlocutory judgment. From an order of the court subsequently made permitting one Samuel W. Northridge to come in as a party defendant, plaintiffs appeal. Modified.

This is an action for partition begun in 1899. Northridge, in June and July, 1901, became a judgment creditor of the defendant Wilkins and her successor in interest, Perry. His liens were proved before the referee to ascertain liens, and were allowed. The action proceeded to interlocutory judgment in February, 1902. Northridge moved at special term, in October, 1902, that he should be made a party defendant to the action, on affidavit that, as the action then stood, his judgment would not be paid from the proceeds of the sales, inasmuch as such proceeds were insufficient to satisfy prior liens and said judgment in full; that the proceedings were irregular; that injurious provisions had been made in orders and decrees, stating that he desired to be heard on the form of the decree and the disposition of the proceeds of the sales; that he had good and valid objections to the decree; that it was made without his knowledge or consent, and involved unlawful payments which would eat up the fund applicable to the payment of the liens upon the share of his judgment debtor. Some of the alleged unlawful payments are specified. The affiant further stated that the decree was entered and signed two or three days before this application, and that costs were adjudged by agreement without taxation. The motion was met by an opposing affidavit that the referee had distributed all of the proceeds of the sale, about $20,000, save $1,800; that the moving party was guilty of gross laches, in that he recovered his judgment in 1901; that the judgment herein was entered in February, 1902, with a slight modification on October 10, 1902. It was urged that if Northridge were made a party he would be entitled to answer and to raise new issues, which should not then be permitted; and it was submitted that if the motion were granted there would, in no event, be proceeds to satisfy the judgments of Northridge, which were junior liens. The special term filed a memorandum that the motion would be granted unless all parties consented to a rehearing of the final order before the justice who made the decree, with a hearing accorded to the attorney for the mover. The memorandum further stated that Mr. Northridge had a lien, and as the order allows $5,241.28, costs and disbursements, out of $18,155 proceeds, the effect of the order was to destroy the lien. The order recited that the motion had been made "for an order permitting Northridge to come in as a party defendant," and the mandate was that "the motion be granted unless" all parties consent within three days of the entry hereof to a rehearing of the final order, with a hearing accorded to the attorney for Northridge, such rehearing to be brought on within ten days on notice of not less than three days, "the stay made by the order to show cause to continue." The consent was not forthcoming, but the various parties to the partition suit appeal.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Francis E. Dana, for appellant Flamm.
Charles J. Belfer, for appellant Mills.
Francis B. Mullin, for respondents.

JENKS, J. The right to move herein was not limited to a party to the action, but any party in interest who was legitimately prejudiced by the judgment or by the proceeding thereunder might appeal to the discretion of the court. Fuller v. Brown, 35 Hun, 162; Gould v. Mortimer, 26 How. Prac. 167, 168; Insurance Co. v. Oakley, 9 Paige, 259; United States Trust Co. v. New York, W. S. & B. R. Co., 6 Civ. Proc. R. 90, 94; In re De Betz, 9 Abb. N. C. 246, 252; Hackley v. Draper, 60 N. Y. 88; Goodell v. Harrington, 76 N. Y. 547, 549. But in this case the party in interest did not recover the judgments which constituted his lien until after the partition suit was begun and the lis pendens was filed. He had appeared before the referee, and had filed and proved his lien, which was allowed. He should not, therefore, be made a party on the ground that he was the necessary or proper party to the suit, or with a free hand to litigate those questions which have been or could have been properly heard and determined before the referee, and which are or could have been disposed of by his report and the entry of judgment thereupon. Sections 1561, 1562, 1577, 1578, Code Civ. Proc. In Deen v. Milne, 113 N. Y. 303, 20 N. E. 861, the court say that Insurance Co. v. Oakley and Gould v. Mortimer, supra, proceed upon the assumed validity of the judgments; and in United States Trust Co. v. New York, W. S. & B. R. Co., supra, Daniels, J., citing Gould v. Mortimer, supra, said that a party in interest, though not a party to the action, may apply to the court for that degree of protection which his interests require should be extended to him. The application is to the discretion of the court, and the learned special term evidently intended to provide only that Northridge might be heard as if afforded a hearing upon the coming up of the final order, inasmuch as the court would have denied the motion if the parties had consented to a rehearing, and, in effect, said that such rehearing was right for the reason that the provision for costs and disbursements in the final order destroyed the lien. Therefore the order entered, at most, should have granted that for which general consent from the parties was not forthcoming, namely, a day in court for Northridge upon the settlement of the final order. I think that the learned special term could have limited the rights of Northridge, even though it had in terms made him a party. It has even been held that in proceedings based upon section 452 of the Code of Civil Procedure this may be done. Wall v. Beach, 20 App. Div. 460, 47 N. Y. Supp. 33. Not only should the order be thus modified, but it should limit the hearing lest it afford to Northridge a second day in court as to matters which were or could have been determined in the hearing before the referee, or the subsequent proceedings thereupon. I think that this court should not undertake to dispose of the merits upon this appeal, but should limit its decision to affirmance of the order that affords a rehearing. If the decree were improper or erroneous, it were better

that the court which made it should pass upon it in the first instance. Wilson v. Barney, 5 Hun, 257, 260.

The order should be modified in accord with this opinion, and as modified affirmed, without costs. All concur.