(89 App. Div. 541.)

### CRAIG v. JAMES et al.

(Supreme Court, Appellate Division, First Department. January 8, 1904.)

1. CORPORATIONS—DISSOLUTION—RECEIVERSHIP—ACTION BY STOCKHOLDER.

The stockholders of a dissolved corporation in the hands of a receiver brought an action against the directors for mismanagement, alleging that the receivers refused to sue, and that the receivers had by fraud of the directors been induced to ask the court to enter an order approving an agreement, one feature of which was the release of the directors from all personal liability. The petition asked that this provision of the order be annulled. *Held* that, as the order contained other provisions imposing obligations on the directors beneficial to the stockholders, and the compromise embodied therein was an entire whole, the action to annul a part only was not maintainable.

Appeal from Special Term, New York County.

Action by Robert A. Craig, for himself and others, stockholders, against Thomas L. James and others, as receivers and directors, of a dissolved corporation. From a judgment overruling the demurrer to the complaint (83 N. Y. Supp. 939), defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Myer Nussbaum, for appellant receivers.
David Gerber, for other appellants.
Francis M. Applegate, for respondent.

O'BRIEN, J. As correctly summarized by the learned judge at Special Term:

"Upon the appeal from the judgment sustaining the demurrer to the former complaint the Appellate Division found the complaint insufficient only because of the order of June 29, 1901, whereby the receivers were instructed to release the defendants who had been directors of the Anglo-American Savings & Loan Association from all liability by reason of their alleged wrongful and negligent acts. That order and release were deemed to constitute an effective bar to an action by a stockholder because any right of action a stockholder might have was one which was originally invested in the cor-

poration, and passed from it to the receivers." 71 App. Div. 238, 75 N. Y. Supp. 813.

This court therefore upon the former appeal held that, as long as the order of compromise stood, the plaintiff, as a stockholder, could maintain no action, "in the absence of fraud and bad faith," in the procuring of the order of compromise, and it was because of the absence of such allegations in the former complaint that the judgment sustaining a demurrer to the complaint was affirmed with leave to the plaintiff to plead over. To quote again from the learned judge at Special Term:

"The plaintiff has now amended his complaint, and seeks to remedy the defect found in the earlier complaint by asking for a modification of the order of June 29, 1901, so as to eliminate from it the provision for the release from liability of the defendants who were formally directors of the corporation. He states two grounds upon which he asks such modification. In the first place, he alleges that the receivers failed and omitted to present to the court any of the facts and circumstances tending to establish the liability of the defendants, and were led to so fail and omit by the acts of the defendant directors and of the realty company organized by said defendants. In the second place, it is alleged that the defendant directors, by false and fraudulent representations, induced the said receivers or their attorneys to believe that the defendant directors were men of limited means, and could not be held to respond fully in damages, and that such representations were false, and were made with intent to deceive; and that the receivers relied upon such representations, and were thereby, among other reasons, induced to ask the court to approve the agreement which included the release of the directors."

These allegations as to the failure to make known the financial responsibility of the directors must be taken in connection with the petition of the receivers embodying the proposition of the Empire State Realty Company for a compromise and the order of the Special Term allowing it, which are annexed to and made a part of the complaint.

Apart from the question of whether or not the conclusion which the pleader expressly states is supported by these exhibits, and assuming the facts would warrant the inference that these defendants did represent to the receivers that they were men of limited responsibility, it will be noted that there is an absence of an allegation that such representations were made to the court, or that the Special Term judge, when he approved the offer of the Empire State Realty Company founded upon the report of the receivers as to the condition of the affairs of the company, understood or was led to believe that the directors were men of limited responsibility. Assuming, however, but not deciding, that the averment that representations were made to the receivers, upon which they acted in accepting the compromise and subsequently obtaining the consent of the court, is a sufficient allegation of fraud and bad faith to remove the protection which the defendants obtained under the order, this by no means removes what we regard as an insuperable obstacle to the maintenance of this action by the plaintiff.

Before discussing what we deem to be the crucial point as affecting the sufficiency of the complaint, we will indulge in the further assumptions, but without so deciding, that the plaintiff's remedy is in

the form of an action of this character, instead of by an application to the court in the other department in which the order assailed was made, and that this court has jurisdiction to modify and set aside the intermediate order, the same as though it were a final judgment. This complaint alleges that the Empire State Realty Company in its dealings with the receivers "was to all intents and purposes the said defendant directors, and represented their interests alone." And, again, it is alleged that the said offer of compromise "was devised and carried through by the said defendant directors, and the said receivers were induced to acquiesce in it by the said defendant directors, and that the said defendant directors and the said Empire State Realty Company as their agent, actively aided and abetted the said receivers in the consummation of the said sale with full knowledge of all the facts." The compromise embodied in the order was one entire whole, by which the defendants who in the complaint were charged with having formed the Empire State Realty Company proposed through that company, as their agent, certain things: among others, first, to purchase the assets in the hands of the receivers other than cash at 50 per cent. of their book cost value, and to assume and secure the release of the receivers from all indebtedness of the association, and by giving its bonds for the balance of such purchase price, payable three years from date; second, to secure the payment of said bonds by a blanket mortgage on all assets transferred, and "to further secure said payment by the joint and several bonds of the former directors of said association in the penal sum of $250,000, conditioned that said assets will realize at least said purchase price;" third, to enable any shareholder of said association to exchange his stock therein for common stock of said realty company; fourth, that the said company would provide a cash fund of $175,000, subscribed by the directors, for its preferred stock, which cash was to be applied exclusively for the payment of interest and taxes and otherwise safeguarding the properties transferred; fifth, that said receivers and any shareholders of said association who make such exchange "shall, in consideration of said $175,000 and said bond of the directors, release said directors from all claims of personal liability"; sixth, that said proposal shall not take effect until at least 60 per cent. of said shareholders shall have approved the same by making such exchanges of stock.

The object of this action is not to set aside the entire order, some of the provisions of which we have above referred to, but only to annul the provision in the order for the release of the directors from "all claims of personal liability." The judgment demanded, therefore, is that the order of the Supreme Court, Kings county, "be so far vacated or modified that the release of the receivers to the defendant directors of all liability of said directors to said receivers shall be rendered null, void, and of no effect as to this plaintiff and his co-stockholders who have not assented to said offer." We can conceive of no principle upon which an action for that purpose, upon the facts stated, can be supported. It will be noted that it is not intended that these defendants, who, through their alleged agent, the realty company, paid to the receivers $175,000, and executed to them

a bond of indemnity, shall be released from such bond or receive back the money which they have paid. If the release had been made directly to the defendants in consideration of their payment of the cash and the giving of the bond, we do not think it would be seriously contended that an action could be maintained which would enable the receivers to keep all that the defendants had given to them, and cancel every benefit which, under the agreement, they received. In view of the allegations of the complaint, however, that the realty company was but the agent of the defendants named, and the payment of the money and the giving of the bond was its act, no distinction in principle can be made because of the form of the transaction. "Qui facit per alium, facit per se."

An action such as this, which would seek to retain all the benefits of the compromise and reject the disadvantages, is not only vicious in principle, but it has no support in authority. Reference in the opinion of Special Term is made to the case of Hackley v. Draper, 60 N. Y. 88. Therein a receiver fraudulently obtained an order for a sale of a debt due the corporation, and it was therein held that an equitable action at the suit of the creditor would lie to vacate the order and set aside a sale made in pursuance thereof, and that the creditor was not limited to a motion in the action wherein the receiver was appointed. That case is also authority for the proposition that in such an action it was not necessary, in order to maintain it, for the plaintiff to return the money paid for the assignment, because such money was not in the plaintiff's possession or under his control. That case, however, is easily distinguishable, as it was not brought to set aside part of an order which contained provisions some in favor of the receiver and others in favor of the one at whose instigation the fraudulent order was procured.

The order here assailed contains numerous provisions not objected to, and therefore presumptively to the advantage of the corporation; and it is sought to modify it in the respect that it extends the only advantage which the defendants individually secured. Apart, therefore, from the effect which it might have upon the title of the realty company to the assets acquired if the order were thus modified, it must be conceded that part of the consideration moving to the realty company was the release of the defendants, the procuring of which was of advantage to the realty company because it was by turning over the money which it was to receive for its preferred stock subscribed by the defendants, that the realty company was enabled to carry out the terms of the compromise. We might reasonably assume that the defendants would not have subscribed for the stock of the realty company, and that company could not have paid the cash or given the bond, unless the release was made a part of the consideration; so that now the effect will be, if the order is modified, that the realty company will be unable to deliver to the defendants the release for which they have paid to the company the $175,000 in cash and executed the bond of indemnity. It is impossible, therefore, legally to separate the two things, namely, the consideration comprising money and bond which the receivers obtained, and the consideration in the shape of a release which they extended to the

realty company in favor of the defendants. If either is to fall, both should fall.

It is to be inferred, as stated, that the plaintiff regards the compromise as a good one so far as it relates to the consideration paid other than the release of the defendants; but it would be inequitable and unjust to a degree to permit the receivers for the benefit of the plaintiff and his co-stockholders to avail themselves of all the consideration which was furnished by the defendants through the realty company, and then repudiate the only consideration which the defendants received in the shape of a release from their personal liability.

Without considering the other question as to whether or not there is a defect of parties, by reason of the absence of the realty company, whose interests are apparently involved in the issue which would necessarily arise between the parties in the attempt to modify the order, we think, for the reasons given, that the complaint is insufficient in stating a good cause of action. An action such as this, which seeks to modify part of an order which must stand or fall as a whole, cannot be maintained.

It follows, accordingly, that the interlocutory judgment should be reversed, with costs, and the demurrer sustained, with costs. All concur.