### DI CHIARA v. SUTHERLAND.

(Supreme Court, Special Term, Westchester County. March 15, 1909.)

RECEIVERS (§ 183*)—ACTIONS AGAINST—PLEADING—LEAVE TO SUE.

In an action against a receiver, a failure to allege that leave to bring the action has been obtained does not render the complaint demurrable for failure to state a cause of action, but merely presents a situation where plaintiff can be held in contempt of court.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 362; Dec. Dig. § 183.*]

Personal injury action by Giuseppe Di Chiara against Leslie Sutherland, receiver of the Yonkers Railroad Company. On demurrer to the complaint. Demurrer overruled, with leave to defendant to answer.

Joseph M. Williams, for plaintiff.
Leverett F. Crumb, for defendant.

MILLS, J. This action is brought against the defendant, as receiver of the Yonkers Railroad Company, duly appointed by order of this court, to recover damages for personal injuries which the plaintiff claims to have sustained through the negligence or wrongful conduct

of one of the defendant's employés while operating a street railroad car; the plaintiff being a passenger thereon. The defendant demurs upon the ground that the complaint fails to allege facts sufficient to constitute a cause of action, and upon the trial of the demurrer assigns as ground therefor the fact that the complaint fails to allege that the plaintiff has received leave of the court to bring this action against the defendant as receiver. The contention of the defendant's counsel in support of the demurrer is that such allegation is essential to establish the jurisdiction of the court—in other words, to constitute the right or cause of action; while the contention of the plaintiff's counsel in opposition to the demurrer is that the want of such allegation, and, indeed, the want of such leave granted, does not affect the jurisdiction of the court, but merely presents a situation where the plaintiff can be held in contempt, and, upon motion, his action dismissed.

Prior to the argument herein I had supposed that it was well settled that in such an action the complaint must allege that leave of the court to bring it had been obtained, and that the absence of such allegation made the complaint demurrable for insufficiency of facts alleged. Upon examination, however, of the authorities submitted by the learned counsel, I find that the matter is not altogether clear, at least upon the decisions, however it may be by the text-books. The following appears to be the situation presented by the decisions:

In 1881 the Supreme Court of the United States, in the case of Barton v. Barbour, Receiver, 104 U. S. 126, 26 L. Ed. 672, held that in an action, brought by a passenger traveling on the railroad managed by the defendant receiver, to recover damages for personal injuries caused by negligence of the defendant, the trial court had no jurisdiction to entertain such a suit, where leave to bring it had not been granted by the appropriate court. Following this decision Congress in 1887 and 1888 passed an act which provided that any receiver "appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed." This act, of course, has no application to the case here at bar, because the defendant was appointed by the state court. Thereafter, in 1902, in the case of Clukies v. Bannard, as Receiver, etc., et al., 74 App. Div. 38, 76 N. Y. Supp. 826, the Appellate Division of this (the Second) department held that in an action brought against a receiver appointed by a federal court, not relating to any "act or transaction of his in carrying on the business connected with such property," it was still necessary for the complaint to allege that leave to bring the action had been obtained, and that the absence from the complaint of such an allegation constituted "a failure to state facts sufficient to constitute a cause of action." That court, therefore, in that case, affirmed an interlocutory judgment, which had been entered, sustaining a demurrer taken to a complaint upon such ground after trial at Special Term. The closing paragraph of the opinion of the Appellate Division in that case asserts that such disposition of the demurrer was in accordance with "all of the authorities to which our attention is called." It seems, therefore, that

this decision of our Appellate Division should be regarded as assert-- ing clearly the doctrine that, where the case does not fall within the precise terms of such a statute, the complaint must allege leave to sue, or it will be demurrable for failure to state sufficient facts.

On the other hand, in 1894, in the case of Hirshfeld v. Kalischer, 81 Hun, 606, 30 N. Y. Supp. 1027, the General Term in the First Department in its opinion held that the want of such an allegation did not make the complaint demurrable, but that the remedy for failure to obtain such leave prior to bringing such action is either a stay of proceedings upon the part of the plaintiff, or a proceeding to punish him for contempt of court, or both. It is to be observed, however, that this statement was merely a dictum, because the appeal was decided upon other grounds, which were held to be sufficient to sustain the defendant's demurrer to the complaint, and therefore to require the interlocutory judgment entered below to that effect to be affirmed. In the case of Pruyn v. McCreary, as Receiver, etc., et al., 105 App. Div. 302, 93 N. Y. Supp. 995, the Appellate Division in the Third Department, in May, 1905, held that the failure of the complaint to allege that leave to bring the action had been obtained did not make the complaint demurrable, but that the matter of suing without such leave was purely a question of contempt of court. The opinion in the Pruyn Case does not cite the Clukies Case, supra. In neither of the cases had the receiver been appointed by the court in which the action was brought, viz., the Supreme Court of this state. The opinion in the Pruyn Case cited as authority for its conclusion above stated the Hirshfeld Case, above recited, and the cases of Chautauqua County Bank v. Risley, 19 N. Y. 369, 75 Am. Dec. 347, and Hackley v. Draper, 4 Thomp. & C. 614, affirmed 60 N. Y. 88. Upon this point the opinion of the Court of Appeals in the Chautauqua County Bank Case said:

"It may be that the creditor should ask leave of the court of chancery before he proceeds to sell, or that the purchaser acquiring the title should make a like application before he brings his ejectment [meaning against the receiver]. If, however, he fails to do so, the question is merely whether the court will consider him in contempt and punish him accordingly." 19 N. Y. 376, 377.

In the Hackley Case, supra, while several other questions were involved, it appears that the precise objection here being considered was raised by the demurrer or motion for nonsuit, and that it was there held that such objection did not go to the maintenance of the action— in other words, in substance that a complaint would not be demurrable for want of the allegation of such leave. See 4 Thomp. & C. 614, at pages 617 and 631. In the Court of Appeals the judgment below was affirmed. I do not read the opinion of that court as expressly considering this particular question; but it would seem that the affirmance could not have been had without the position of the General Term and the Special Term upon this question being sustained, which undoubtedly, without any special satement, is to be presumed from the fact of general affirmance. Neither the Hirshfeld, Chautauqua County Bank, nor Hackley Case, supra, is referred to in the opinion of the Appellate Division in the Clukies Case, although the decision in each of those cases was, of course, prior to that in the

Clukies Case. I do not perceive any theory upon which the decision in the Clukies Case, supra, and that in the Pruyn Case, supra, can be reconciled. Ordinarily it would be clearly the duty of a justice at Special Term to follow the decision of the Appellate Division in his own department, rather than that of one of the Appellate Divisions in one of the other departments; and I should unhesitatingly do so in this case, except for the fact that the decision of the Appellate Division in the Third Department in the Pruyn Case, supra, appears to be supported by the two decisions of the Court of Appeals cited herein, and hereinbefore reviewed, neither of which appears to have been brought to the attention of the Appellate Division in this department in the Clukies Case.

It is further contended by the plaintiff's counsel in opposition to the demurrer that this action, being in tort, and not upon contract, should be regarded as being against the receiver in his individual capacity, and that, therefore, leave of the court to bring the action is not necessary. The sufficient answer to this contention seems to me to be that the action by its very title appears to be brought against the defendant, not individually, but as receiver, doubtless with the express purpose of reaching the funds which he holds, or may hold, in his capacity as receiver, arising from his earnings while conducting the railroad in such capacity. It may be added that in this respect this action is precisely like the action in the Barton Case, supra.

Therefore I conclude that the demurrer should be overruled, with leave to the defendant to withdraw the same and answer, within 20 days, upon payment of $10 costs.